HOWARD W. JACKSON et al. *v.* E. EDWIN LEACH.
[No. 62, October Term, 1930.]

*Decided January 13th, 1931.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, and PARKE, JJ.

140

*Daniel S. Sullivan,* with whom was *James J. Carmody* on the brief, for the appellant.

*John M. Requardt* and *William D. Macmillan,* for the appellee.

ADKINS, J., delivered the opinion of the Court.

This is a suit for damages for injuries to the plantiff resulting from a collision between the automobile of the plaintiff and that of Howard W. Jackson, one of the defendants, while being driven by Riall Jackson, the other defendant. The accident occurred at the intersection of Ellamont Street and Clifton Avenue in Baltimore City. The plaintiff was driving northerly on Ellamont Street and Riall Jackson westwardly on Clifton Avenue.

The questions presented for review are: 1. Should the defendants' demurrer prayer have been granted? 2. Should the court at the request of the defendants have directed a verdict in favor of the defendants on the ground of contributory negligence? 3. Should the testimony of Gerald Hall relating to the speed of the Jackson automobile have been stricken out on the motion of the defendants? On all these points the trial court decided adversely to the defendants. This appeal is from a judgment on a verdict in favor of the plaintiff.

There was no evidence of negligence on the part of the defendants except as to excessive speed; and the only direct testimony as to that was given by the witness, Hall. It is contended by the appellants that his testimony should have been stricken out on motion duly made, because, according to his own statement, he did not see defendants' car except at the moment of the collision, when he was walking north on the east side of Ellamont Street half a block away, and therefore his opinion as to the speed was merely an inference, as in *Dashiell v. Jacoby,* 142 Md. 330, 336, 120 A. 751, and was not based on his actual observation of the car while running. Hall's testimony on this point was substantially as follows: "Q. Did you see the other car (referring to the Jack-

son car)? A. I saw it when it hit it. Q. You saw it coming up the street then? A. At a terrific speed. Q. Did you see Mr. Jackson's car at any time before the collision? A. I saw the car when it hit. Q. Of course, you couldn't see around the corner? A. No, oh, no. Q. You didn't see around the corner, but when you first saw Mr. Jackson's car how far was it away from the east side of Ellamont Street? A. You see, I was going extreme north and it was just fortunately my eyes were looking straight ahead, and all of a sudden, right smack off, like that (snapping his fingers), just like a shot out of a cannon. Q. What attracted your attention, the crash? A. No, my eyes just happened to catch the accident. Q. Well, you just caught a flashing glance of the machines as they came together, that's right, isn't it? A. I got the full view when they came together. Q. But you didn't see Mr. Jackson's machine when it was any distance away from Mr. Leach's machine, did you? A. It was impossible, on account of the speed. Q. You mean it was going so fast you couldn't see it? A. Well, you see, the corner covers your view. Q. You couldn't see around the corner? A. No, sir; and it was on an incline. Q. And you didn't see the Jackson car at any time before the accident? Just when they came together, you saw it? A. That's right."

The witness further testified as to the position of the car before and after the collision. And then he was asked: "Q. All you remember about this accident is that you saw two machines when they came together? A. Yes, sir. Q. An instantaneous appearance, that is what you saw, isn't it? A. Well, the excitement was so great the first thing I thought of was the people in the automobile."

Can we say from all this as a matter of law that the testimony of the witness as to speed was without probative force? It is not like the case of *Dashiell v. Jacoby, supra,* relied on by the appellants, where the testimony excluded was an inference merely. Nor is it like the case of *Taxicab Co. v. Ottenritter,* 151 Md. 525, 135 A. 587, cited by appellee, where the court was asked to exclude testimony on the ground of its incredibility. Here the question is, Was the ob-

servation of the car which the witness had immediately before the collision sufficient to give him any information as to the speed of the car? In this connection it should be noted that there was a clear space of twenty-six feet from the building line on the east side of Ellamont Street to the gutter, in which there was at least a momentary view of the car before the collision. While under the circumstances it might be well argued that the weight to be given to the testimony was slight, we are unable to say that, as a matter of law, it was without any probative force, and that it should have been stricken out.

This brings us to the rulings on the prayers.

As to the demurrer prayer, it was properly refused if there was any admissible evidence of excessive speed. *Taxicab Co. v. Ottenritter, supra.* In addition to the testimony of Hall, plaintiff himself testified that, when he was within a distance of sixty feet from the intersection of the two streets, traveling at a speed between fifteen and twenty miles an hour, he had a clear view of Clifton Avenue east of Ellamont Street for a distance of one hundred and eighty feet, and there was no car in sight. If this be true, and it must be so accepted in considering this prayer, then the Jackson car must have been greatly exceeding the legal speed limit, and the prayer was properly refused.

Defendants' contributory negligence prayer was also properly refused. It is contended that, if plaintiff had looked to his right when he reached the intersection, he must have seen the Jackson car in time to have avoided the collision. But a like contention was unsuccessfully made in *Taxicab Co. v. Ottenritter, supra.* In that case, in an opinion by Judge Urner, we said that plaintiff's duty in that respect was performed if he looked sufficiently far to his right to discover that there was no traffic approaching from that direction within a distance that would be traversed by a vehicle driven at a speed permitted by law. He was not required to look always to his right while crossing the street, as he had to avoid endangering travel ahead of him, or approaching from his left. See also *Chiswell v. Nichols,* 137 Md. 291, 112 A.

363. While it was incumbent upon the plaintiff to respect the rule giving the right of way at street intersections to vehicles approaching from the right, yet, if at the time he looked on approaching, and within a short distance of the intersection, the way for a safe distance was clear of traffic coming from that direction, he should not judicially be declared negligent in not providing against the possibility of collision with a car which could not come into dangerous proximity to his own unless it were unlawfully operated.

Finding no error in the rulings presented for review the judgment must be affirmed.

*Judgment affirmed, with costs to appellee.*