MERCHANTS' DELIVERY COMPANY, INC.,
*v.* HENRY KNOCHE.
[No. 42, April Term, 1932.]

*Decided June 21st, 1932.*

The cause was argued before ' BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*William R. Semans* and *F. Fulton Bramble,* with whom were *Barton, Wilmer, Ambler & Barton* on the brief, for the appellant.

*Harry J. Green,* with whom were *Weinberg & Sweeten* on the brief, for the appellant.

URNER, J., delivered the opinion of the Court.

The appellee sued to recover the cost of repairing damage to his motor truck, caused by collision with one owned by the appellant. On this appeal from a judgment, on verdict, for $600, in favor of the plaintiff, the only question for decision is whether the trial court's refusal to withdraw the case from the jury was correct.

As the heavy truck of the appellee was being turned to the left into a road called Rosebank Avenue from the highway

known as the North Point Road, on which it had been proceeding southwardly, it was struck on the right side by the appellant's lighter truck coming in a northerly direction. It was testified by the driver of the appellee's truck that, when he started to make the turn into the connecting road, there was no other vehicle in sight on the thoroughfare he was leaving, along which he had a clear vision for two hundred feet towards the south, his view being restricted to that distance by a curve, and that, when the front of the truck in his charge had passed about five feet beyond the eastern concrete shoulder of the North Point Road, and was in the entrance of Rosebank Avenue, which ended there, he saw for the first time the appellant's truck as it came at high speed from the south, and that he then had no opportunity to escape the collision. The driver of the appellant's truck gave a different description of the accident. According to his testimony, the appellee's truck was turned suddenly to the left in front of him when he was so close that he could not prevent the impact. If, in fact, the appellant's truck had not come into sight around the curve to the south when the appellee's truck began its leftward turn to enter Rosebank Avenue, then there was no sufficient ground for charging its driver with contributory negligence, and there was a reasonable basis for an inference that the appellant's driver was negligent in continuing his rapid progress in disregard of the turning movement, which must have become noticeable by him before the danger of collision became imminent. *Taxicab Co. v. Ottenritter,* 151 Md. 525, 135 A. 587; *Friedman v. Hendler Co.,* 158 Md. 131, 148 A. 426; *Jackson v. Leach,* 160 Md. 139, 152 A. 813; *Jersey Ice Cream Co. v. Bach,* 161 Md. 285, 157 A. 277.

It is not disputed that ordinarily such a conflict of evidence as we have referred to would present an issue which should be submitted to the jury for decision. But the testimony of the appellee's truck driver is said to have involved self-contradictions which entirely destroyed its credibility. In his original description of the accident he testified that the appellant's truck, when he first saw it as he was completing

the turn into Rosebank Avenue, was about two hundred feet away, but later he stated that it was then about sixty-five feet distant, and that his previous estimate was intended to have reference to the curve around which the colliding truck came into view. It is argued that the first statement was so explicit as to prevent the acceptance of the later assertion that it was based upon a misunderstanding, and it is said to show conclusively the impossibility of the accident having occurred in the manner described by the driver of the appellee's truck, upon whose testimony alone the question as to the submission of the case to the jury depended. The theory of this contention is that the north-bound truck could not have covered an intervening distance of two hundred feet after the other truck was partly within the entrance of Rosebank Avenue and before it had passed, at its speed of eight or ten miles an hour, wholly beyond the paved portion of the main highway. Such a theory could not be logically urged if the appellant's truck was only sixty-five feet from the place of the collision when the truck of the appellee was entering Rosebank Avenue. The question therefore is whether the second estimate as to the distance must be rejected because contradictory of the first, although given as a correction of that statement with the explanation that it was due to a misunderstanding of the inquiry then being answered. The appellant has cited cases in which the testimony of a witness was disregarded because of its irreconcilable conflict with undeniable facts, or because of the self-contradiction and inconclusiveness of an expert opinion which it expressed. *United Railways v. Sherwood,* 161 Md. 304, 157 A. 280; *Slacum v. Jolley,* 153 Md. 343, 138 A. 244. In this case a correction by a witness of his testimony is sought to be rejected on the ground of the unreliability of his assurance that his prior statement was a mistake. It was the function of the jury to determine whether the revision and explanation were credible. There was no error in the ruling against the proposal to withdraw the case from the jury's consideration.

*Judgment affirmed, with costs.*