### NELLIE HESS *v*. JOHN LOFTUS ET AL.
[No. 59, October Term, 1937.]

*Decided December 10th, 1937.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*J. Fletcher H. Gorsuch, Jr.,* and *Deeley K. Nice,* for the appellant.

*Foster H. Fanseen,* with whom was *John G. Turnbull* on the brief, for the appellees.

PARKE, J., delivered the opinion of the Court.

Nellie Hess brought an action at law against John Loftus and Katherine W. Sparks to recover damages for personal injuries sustained in a collision between the automobile of Alfred C. Denson, in which the plaintiff was riding as a guest, with that of the defendant John Loftus, whose automobile was driven at the time by his codefendant Katherine W. Sparks. At the close of the case the court granted the defendants' prayer instructing the jury that there was no legally sufficient evidence in the case to entitle the plaintiff to recover. The appeal is from the judgment rendered for the defendants on this verdict.

The scene of the accident was in Baltimore, at the right angle intersection of Guilford Avenue, which runs north and south, and Preston Street, which runs east and west. Between the curb lines on Guilford Avenue the width of the street is 75 feet at the intersection, and on Preston Street a similar width is 39 feet. At 135 feet north of the intersection of the center lines of these highways, Guilford Avenue curves to the left with the uniform width of 75 feet to form Mt. Royal Avenue, which extends northwestwardly from Guilford Avenue with a continuation of the curve and a width of 75 feet. After making this curve to meet Mt. Royal Avenue, Guilford Avenue continues northward with a width of 35 feet. On either

side of Guilford Avenue the sidewalks are a few inches over 12 feet, and the sidewalks on Preston Street are slightly over 13 feet wide. There are double lines of street railway tracks on both highways. On Preston Street the railway tracks are in the center of the street with about 12½ feet from the outside rails to the curbs of the street. On Guilford Avenue the double line of street railway tracks is located to the west of the center line of the street, so that the outside east rail is slightly over 50 feet from the east curb, and the outside west rail is a few inches more than 10 feet from the west curb.

There is testimony on this record from which the jury may find these facts. The plaintiff and her host, Alfred C. Denson, the owner and operator of the automobile in which they were riding, were returning home about half past three o'clock in the morning of New Year's Day. The owner, Alfred C. Denson, was driving west on Preston Street, and, after receiving the preceding signal to go on, he drove forward, slowing down as he approached the traffic signal in the driveway of Guilford Avenue in line with the northern curb of Preston Street, and midway between the east curb of Guilford Avenue and the east rail of the northbound car track. The speed of the automobile had been reduced to about eighteen miles an hour as he neared the intersection. An automobile service station was built at the northeast corner of the intersection. The station was set back twelve feet from the east curb line of Guilford Avenue, and parallel to it, and continued to obstruct his view until he passed the front line of the station. Denson observed that the traffic signal was not working, and continued to move forward in second gear. He looked to his right and, when his line of vision became obstructed, he looked, as did the plaintiff, to the left, and they saw the light of an automobile on Mt. Royal Avenue coming south along the curve of that street toward Guilford Avenue. He also observed the light of a taxicab approaching the intersection from the west and going east on Preston Street. When Denson had advanced on the north side

of Preston Street, so as to be in line with the traffic signal on Guilford Avenue, he looked again and saw that the automobile on Mt. Royal Avenue had entered Guilford Avenue, and had come south on that highway to a position opposite the entrance to an alleyway eleven feet wide, which was parallel with Preston Street, and its southern boundary line 116 feet, as measured on the plat, from the northern curb line of Preston Street. Denson estimated the distance from where his car was traveling to be about 125 to 150 feet. When Denson made this observation, the taxicab coming east on the northbound street car tracks was near the west building line of Guilford Avenue. From the position with reference to the signal, Denson moved forward to complete the crossing of Guilford Avenue. He moved at the rate of eighteen or twenty miles an hour over the remaining twenty-five feet to the nearest or east rail of the northbound track of the street railway, and across that track until the front wheels of his automobile had probably gone upon but not beyond the southbound track, when the right rear side of Denson's automobile was struck with great force by the automobile which had come from Mt. Royal Avenue and was owned by John Loftus, and driven by Katherine W. Sparks, the other occupant of the Loftus automobile. From the position near the signal post to the westernmost rail of the southbound street car tracks, Denson estimated the distance to be about thirty-five or forty feet, and his opinion is supported by the plat. The force of the impact drove the Denson automobile completely around, struck the taxicab, and, when the movements ceased, the three motor vehicles were jammed together within the square formed by the outside rails of the intersecting tracks of the street car lines on Guilford Avenue and Preston Street. The plaintiff and Denson were both hurled from the automobile and were found lying unconscious in the street.

While Denson was driving the distance west of the signal, he did not look again to his right but had his eyes on the taxicab approaching from the west. There had

been nothing to indicate to him that the automobile which he had seen was traveling at a great or unusual speed, and he believed that it was safe to proceed, as he had no reason to think he did not have plenty of time to cross, or that the defendant's automobile would reach the intersection before he had crossed Guilford Avenue. The plaintiff, who was a guest and knew nothing about the operation of an automobile, but had confidence in her host's care and skill, did not look a second time, because defendant's automobile was so far away that she believed there was ample time to cross before the Loftus automobile would reach the intersection, and had no idea there was any danger of an accident.

In addition to testimony tending to prove the facts stated, there was further proof that the Loftus automobile was operated at an excessive and highly dangerous speed, and that its driver was not looking.

While the record contains testimony on the part of the defendants which is in contradiction of the evidence tending to sustain the case of the plaintiff, the conflict in proof raises an issue of fact for the jury and not one of law for the court. If the jury were to find the facts which tend to prove the case of the plaintiff, she would be entitled to recover as a guest of the operator of the automobile, who, without any lack of caution and care on her part, suffered an injury through the negligence of the defendants. If there were contributory negligence on the part of the driver of the automobile in which she was being transported, it would not be imputed, under the conditions stated, to the plaintiff. *State v. Lupton,* 163 Md. 180, 193, 161 A. 393; *Lange v. Affleck,* 160 Md. 695, 697, 155 A. 150; *Gordon v. Opalecky,* 152 Md. 536, 550, 137 A. 299; *Brawner v. Hooper,* 151 Md. 579, 584, 135 A. 420; *Baltimore, Ches. & Atlantic R. Co. v. Turner,* 152 Md. 216, 228, 136 A. 609; *Kent County v. Pardee,* 151 Md. 68, 76, 134 A. 33.

Again, if the jury should find the facts offered on the part of the plaintiff, there is legally sufficient testimony tending to prove that the driver of the automobile in

which the plaintiff was a guest drove across Preston Street in the reasonable belief of an ordinarily careful and cautious person that the automobile of the defendant, driven by his guest, was so far away from the intersection that the automobile in which the plaintiff rode could proceed and cross the street in safety before the automobile of the defendant would reach the intersection. The driver of the automobile in which the plaintiff was riding is not negligent as a matter of law in failing to guard against the possibility of a collision with an automobile which would have to be operated at an unlawful rate of speed to make the passage of the intersection unsafe, unless the driver was aware of the unlawful rate of speed in time to avoid its consequences in the exercise of a reasonable degree of care and caution. *Taxicab Co. v. Ottenritter*, 151 Md. 525, 531, 135 A. 587; *Friedman v. Hendler Co.*, 158 Md. 131, 144, 148 A. 426; *Jackson v. Leach*, 160 Md. 139, 141, 142, 152 A. 813; *Jersey Ice Cream Co. v. Bach*, 161 Md. 285, 290, 157 A. 277; *Minch v. Hilkowitz*, 162 Md. 649, 656, 161 A. 164; *Paolini v. Mill & Lumber Corp.*, 165 Md. 45, 50, 166 A. 609; *Yellow Cab Co. v. Lacy*, 165 Md. 588, 593, 170 A. 190; *York Ice Machinery Corp. v. Sachs*, 167 Md. 113, 119, 173 A. 240.

In the court's opinion the jury should have been given the issues of fact involved in the case at bar.

*Judgment reversed, and case remanded for new trial, with costs on this appeal to the appellant.*