FOGLE *v.* PHILLIPS

[No. 195, October Term, 1947.]

*Decided June 17, 1948.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*D. Eugene Walsh* and *Charles O. Fisher,* for the appellant.

*Donald C. Sponseller,* with whom were *Sponseller & Hoff* and *Stanford Hoff* on the brief, for the appellee.

MARBURY, C. J., delivered the opinion of the Court.

The appellee sued the appellant in the Circuit Court for Carroll County to recover damages for injuries sustained when the automobile driven by her husband, in which she was a passenger, collided with an automobile operated by the appellant. At the trial, the appellee obtained a verdict and judgment for $10,000. The sole question involved in this appeal is the refusal of the trial court to grant the defendant's second prayer, which was as follows: "The Court instructs the jury that if they find from the evidence that the injuries complained of resulted from an unavoidable accident unmixed with negligence on the part of the defendant in the operation of his automobile, then the verdict of the jury must be for the defendant, and by negligence is meant failure to exercise such reasonable care as a reasonably prudent person would have exercised under like circumstances." The court granted the defendant's fourth prayer which was as follows: "The Court instructs the jury that the mere happening of the accident complained of raises no presumption of negligence on the part of the defendant operating his automobile referred to in the evidence, but the burden is upon the plaintiff to establish by a fair preponderance of affirmative evidence that negligence on the part of the defendant caused the accident, and if the minds of the jury are left by the evidence in a state of even balance as to the existence of such negligence, then the verdict of the jury must be for the defendant." The appellant contends that he was entitled to have both prayers granted, while the appellee claims that the fourth prayer contains all the law necessary and applicable to this branch of the case. In order to determine which of these contentions is correct it is necessary for us to consider the facts.

There is very little dispute about what happened. The accident occurred on a narrow country road which was macadam paved to a width of approximately 12 feet, with dirt shoulders extending several feet on each side. The scene of the accident was about 25 feet from the

crest of a hill, it occurred about 8 o'clock in the evening of August 10, 1946, and the weather was clear. The headlights on each car were lighted. The Phillips' automobile, in which the plaintiff was riding, was approaching the crest of the hill from the north, and the appellant's automobile was approaching it from the south. Mr. Phillips' car was moving at a speed of 25 or 30 miles an hour when he saw the reflection of the defendant's headlights over the hill. He turned to the right against the bank, and slowed almost to a stop. Appellant's car came over the hill, and the left front of it collided wth the left front of Phillips' car on Phillips' side of the road. There was testimony that the left wheel of appellant's car was three feet from the west edge of the macadam after the impact. As the appellant was going north, this would mean that he was three feet from the edge of the road to his left. There was also evidence that skid marks of appellant's car ran up the hill and over the crest for a distance of 40 to 45 feet parallel to and three feet from the west edge of the road.

The appellant's claim is that as he approached the crest of the hill he saw four people, including two children, walking on the highway, whom he passed 60 to 75 feet south of the top of the hill. This was, therefore, nearly 100 feet from the point of the impact. These pedestrians were walking on the appellant's side of the road, on the dirt shoulder. The appellant testified that he turned out to avoid them, and was veering gradually back to the right side of the road when he reached the crest of the hill and saw the Phillips' car in front of him. He said he applied his brakes, and tried to swing to the right of the road, but just couldn't make it. He claims that under these circumstances the accident was unavoidable and he was entitled to have that question presented to the jury in the form of his second prayer.

In the case of *Coplan v. Warner*, 158 Md. 463, 149 A. 1, 3, the court granted a prayer practically the same as the defendant's fourth prayer, and refused an un-

avoidable accident prayer similar to the one in the case before us. In that case the court said that there possibly might be cases under the peculiar circumstances of which justice to the defendant might require that such an unavoidable accident might be expressly distinguished and excluded from the grounds of liability on the part, but that is was not necessary in that case because the burden of proof prayer fully instructed the jury. In so deciding the court said "It must be rarely true that, when two people moving toward a meeting point, both in control of their movements and relative positions, actually collide, the collision can be classed as an inevitable accident." In the recent case of *Garozynski v. Daniel,* 190 Md. 1, 57 A. 2d 339, we had before us a case where the defendant struck the plaintiff when the latter was standing by his automobile on his own side of the road. The defense was that a man jumped out between two automobiles about 80 feet west of where the plaintiff was standing and, in order to avoid this man, the defendant swerved to his left and struck the plaintiff. He requested the court to embody in its charge instructions about the liability of the defendant in case it was found the injuries to the plaintiff were caused by an unavoidable accident. The trial court refused, stating that the accident was not unavoidable in the sense that it was caused by nobody's negligence, that the real question was whether the defendant was negligent, that such question was presented to the jury in the form of the instructions on what was defendant's responsibility in case of an emergency, and that the words "unavoidable circumstances" were not appropriate to the case. We found no error in that ruling.

The instant case presents a similar situation. The question was whether the defendant was negligent. If he went further to the left, than was required to avoid the pedestrians, so that he could not get back in time to prevent his striking the car in which the plaintiff was riding, then he was responsible for the injuries he

caused. The defendant's fourth prayer properly submitted this question for the consideration of the jury.

Where the facts are disputed, the question whether an accident was unavoidable as a result of an emergency is for the jury. *Newman v. Stocker,* 161 Md. 552, 157 A. 761; *Consolidated Gas, Electric Light & Power Co. v. O'Neill,* 175 Md. 47, 49, 200 A. 359. In this case, as we have stated, there is no serious dispute about any of the facts. It is not claimed by defendant that there was any sudden action by the pedestrians which caused him to swerve to the left of the road. On the contrary, his testimony is that he saw them "from seventy-five or one hundred feet or maybe a little more". He picked them up with his lights and then started bearing left. He said this was "quite a ways from the top of the hill." He also said he was driving from 35 to 40 miles an hour. There is, in all this evidence, nothing from which the jury could conclude that the accident with the Phillips' car was unavoidable. Possibly it could not have been avoided when the defendant first saw the lights of the Phillips' car over the top of the hill and was so far on the left side of the road that he could not get back to his own side in time to escape a collision. But even if we assume the truth of his testimony, that does not make the accident "unavoidable" in the legal sense or in any common sense use of the term. This Court has defined an unavoidable accident as "an inevitable occurrence, not to be foreseen and prevented by vigilance, care and attention, and not occasioned or contributed to in any manner by the act or omission of the" defendant. *Washington Turnpike Company v. Case,* 80 Md. 36, 30 A. 571. Under this definition, the granting of the defendant's second prayer would have permitted the jury to speculate on something which had no evidence to support it. The real question was whether the defendant, under *all* the circumstances, was negligent, and not whether he could not have avoided the collision at the last minute. He requested no instruction on the duty of a driver when confronted with an

emergency. That is quite different from an instruction concerning an unavoidable accident. An emergency does not necessarily render an ensuing accident unavoidable. But from defendant's own testimony in this case, it does not appear that any emergency existed. The sole question for the jury, therefore, was the negligence *vel non* of the defendant. This, as we have said, was correctly presented by defendant's fourth prayer. His second prayer was clearly not appropriate to the facts in the case.

Not only was this prayer properly refused because of lack of evidence upon which it could operate, but it should also have been refused because it was defective in form. A correct prayer of this character should define for the jury what is an unavoidable accident. *Leland v. Empire Engineering Company,* 135 Md. 208, 108 A. 570; *Vizzini v. Dopkin,* 176 Md. 639, 6 A. 2d 637.

As we find no error in the ruling of the trial court, the judgment will be affirmed.

*Judgment affirmed, with costs.*