GRAFF *v.* DAVIDSON TRANSFER & STORAGE CO.
ET AL.

[No. 98, October Term, 1948.]

633

Decided March 31, 1949.

The cause was argued before DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*William L. K. Barrett,* with whom was *Philip Beigel* on the brief, for the appellant.

*Robert H. Engle,* with whom were *Clark, Thomsen & Smith* on the brief, for the appellee, Davidson Transfer & Storage Company.

*Walter V Harrison* for the appellee, Rose C. Wright.

COLLINS, J., delivered the opinion of the Court.

On January 15, 1948, Rose C. Wright, one of the appellees here, was a passenger in an automobile bus owned by appellant, Theodore E. Graff (Graff) and operated by his agent. The bus collided with a tractor-trailer owned by Davidson Transfer & Storage Company (Davidson), the other appellee, at the intersection of Lombard and Haven Streets in Baltimore. Rose C. Wright was injured and both the bus and the tractor-trailer sus-

tained property damage. As a result of suits, tried simultaneously, Rose C. Wright obtained a judgment for personal injuries in the amount of $12,500 against Graff, appellant, alone. Davidson recovered a judgment in the amount of $700.45 for property damage against Graff, appellant. A judgment for costs was entered in favor of Davidson in a suit against it by Graff for property damage to the bus. From those three judgments appellant appeals here.

The appellant contends that jury erred in finding against Graff alone. This, of course, was a question for the jury and cannot be reviewed by this Court on appeal.

The appellant also contends that the Court erred in instructing the jury that the appellant, Graff, was a common carrier and owed the appellee, Rose C. Wright, the highest degree of care. The appellant contends that the bus was being operated, not as a common carrier, but under a contract with the British Overseas Airways Corporation, the employer of the appellee, Rose C. Wright, and therefore Graff was a contract carrier. Without passing upon the difference in the liability of a common carrier and a contract carrier, if any, in this case there is no evidence that the bus was being operated as a contract carrier. In fact, the manager for the appellant testified that the bus was used at the Airport for transporting passengers to and from airplanes to the City and that the operation was on a regular fare basis. It is also pertinent that the jury found in the suits between Graff and Davidson, which were tried with the *Wright* case, that at the time of the collision Graff's driver was not exercising ordinary care.

No question of contributory negligence on the part of Davidson was submitted to the jury by the trial judge. No request for such an instruction was made by appellant, and no objection was made to the charge for failure to instruct the jury as to contributory negligence. Nor was there any prayer or motion presented to the trial judge for a directed verdict on the ground of contributory negligence of Davidson as a matter of law. Therefore those

questions are not before this Court on appeal. General Rules of Practice and Procedure, Part 3, subd. III Trials, Rules 5 and 6; *Coca-Cola Bottling Works v. Catron,* 186 Md. 156, 163, 46 A. 2d 303.

The appellant relies strongly on the ground that its demurrer prayer should have been granted because there was no evidence introduced legally sufficient to support a finding of negligence on the part of Graff. With this contention of the appellant we do not agree. In ruling on this demurrer prayer we will, of course, review the evidence in a manner most favorable to the appellees.

On January 15, 1948, the appellant maintained a regular scheduled bus service which left the Lord Baltimore Hotel in Baltimore City at 8 a. m. and conveyed passengers to the Baltimore Airport, Rose C. Wright, appellee, was a passenger on the bus that day, which was being driven in an easterly direction along and upon Lombard Street at or near its intersection with Haven Street. A tractor-trailer owned by Davidson, appellee, and operated by its agent was proceeding in a southerly direction along and upon Haven Street. The bus, coming from Davidson's right was the favored vehicle. Code, 1947 Supplement, Article 66½, Section 176. The driver of Davidson's tractor-trailer testified that he was proceeding south on Haven Street. As he approached Lombard Street he saw Graff's bus about one block away, a distance of about 250 feet. Thinking he had ample time, he proceeded to cross Lombard Street and after the tractor had cleared Lombard Street and when the rear wheels of the trailer were in the car tracks, his trailer with a load of 30,000 pounds was struck by the bus and moved three feet sideways. The skid marks showed that the bus skidded about sixty-four feet.

The bus driver testified that he was going east on Lombard Street following another car. When he reached Grundy Street, one block west of Haven Street, the car he was following slowed up to make the turn into Grundy Street and he, of course, slowed up behind that car. After the car ahead of him had turned off Lombard

Street he changed the gears of his bus and went on down Lombard Street approaching Haven Street and changed back into high gear at approximately twenty-five to twenty-eight miles an hour. He looked to his left and to his right and did not see anything. He then looked back again to his left and saw the truck "coming straight up" in front of him. At that time he was two bus lengths, a distance of sixty feet, from the building line of Haven Street. He was about sixty feet from the tractor-trailer when he first saw it and although he immediately applied his air brakes he could not stop within that distance and the whole front of his bus was "caved in".

W. W. Hoops testified that he was a passenger in the bus proceeding east on Lombard Street at the time of the accident. He said the tractor-trailer was about one hundred feet from the bus when he first saw it and at that time the tractor-trailer was crossing the intersection slowly and the cab of the tractor-trailer was slightly past the center of the road. The driver of the bus shifted his gears, threw on his brakes and the front of the bus struck the truck "amidships". Clarence V. Harden, who was in the bus, said that the driver put on his brakes after he "hollered": "Look out".

Although, as hereinbefore stated, the driver of the bus in this case was the favored driver, the statutory right of way rule does not give to favored drivers an absolute right of way under all circumstances. When vehicles are approaching an intersection under such circumstances that a collision is likely to occur, the driver approaching from the left should yield the right of way to the driver approaching from the right. Whether a vehicle coming from the right is near enough to the intersection to have the right of way over a vehicle coming from the left must be determined in each case by the particular circumstances of that case. The vehicle approaching from the right does not have the absolute right of way regardless of the circumstances of the case. *Jersey Ice Cream Company v. Bach*, 161 Md. 285, 157 A.

277; *Askin v. Long,* 176 Md. 545, 547, 6 A. 2d 246. The unfavored driver should not be judicially declared negligent because he did not provide against the unlawful operation of the favored driver. *Taxicab Company v. Ottenritter,* 151 Md. 525, 531, 135 A. 587; *Jackson v. Leach,* 160 Md. 139, 143, 152 A. 813. The driver from the right, although he has the right of way, is not relieved from the duty to exercise reasonable care to avoid collision with the unprivileged driver. On approaching a street intersection the driver of the favored vehicle, although having the right of way, should proceed at a lawful rate of speed and have his vehicle under such control that he can stop on short notice. He should carefully look ahead to avoid collisions with unfavored drivers, and, if he continues his course without exercising reasonable care, the favored driver may be liable. *Chiswell v. Nichols,* 137 Md. 291, 306, 112 A. 363; *Wlodkowski v. Yerkaitis,* 190 Md. 128, 132 and 133, 57 A. 2d 792, 794 and 795; *Legum v. Hough,* 192 Md. 1, 63 A. 2d 316. It was recently said in the case of *Wlodkowski v. Yerkaitis, supra,* 190 Md., at pages 132 and 133, 57 A. 2d at pages 794 and 795: "The statutory rule qualifies the common-law rule giving the right of way to the first arrival at an intersection, but does not abrogate it. The width of the intersecting highways, the relative speed of the vehicles, and various other circumstances might materially affect the issue as to whether an asserted right of way should be recognized. The question whether a vehicle coming from the right is sufficiently near the intersection to have the right of way over a vehicle coming from the left must be determined from the circumstances in each particular case."

There is evidence in this case that the tractor-trailer was in the intersection when the bus was 250 feet from the intersection. Although the view ahead was clear, the bus driver himself testified that he was driving approximately twenty-five to twenty-eight miles an hour and did not see the tractor-trailer in the intersection until he was sixty feet distant. One of the passengers said

he saw the tractor-trailer in the intersection when the bus was about one hundred feet distant. The driver admitted that his bus was moving at such a speed that he could not stop it within sixty feet after he had applied his emergency air brakes. There is testimony that the impact between the front of the bus and the rear of the trailer was so severe that after skidding sixty feet the bus moved the trailer, with a load of 30,000 pounds, about three feet and "caved in" the front of the bus. All the testimony shows that the tractor-trailer was moving slowly. As there is testimony that the bus collided with the rear of the trailer, the jury could find that the tractor was in the intersection when the bus was some distance down Lombard Street. We cannot say as a matter of law that the bus driver was not negligent. There was evidence here from which the jury could conclude that the bus was not being operated at a proper speed, that the driver did not carefully look ahead for traffic at the intersection, and that he did not have his bus sufficiently under control when approaching the intersection.

We agree that the trial judge should not have ruled as a matter of law that there was no negligence on the part of appellant, Graff. As we find no error the judgments will be affirmed.

*Judgments affirmed, with costs.*