MASON *v.* TRIPLETT ET AL.

(Two Appeals In One Record.)

[No. 246, September Term, 1957.]

434

*Decided May 22, 1958.*

*Motion for rehearing filed June 20, 1958, denied July 2, 1958.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Samuel S. Smalkin,* with whom were *G. Howlett Cobourn, Rollins, Smalkin, Weston & Andrew,* and *Ginsberg & Ginsberg* on the brief, for the appellant.

*Theodore Sherbow,* with whom were *Charles H. Reed, Jr., James J. Doyle, Jr.,* and *Sherbow & Sherbow* on the brief, for the appellee Elbert Elwood Roy.

No brief and no appearance for the appellees Theodore V. Triplett and Dennis Woodie.

HENDERSON, J., delivered the opinion of the Court.

On January 30, 1955, there was a collision on Juniata Street in Havre de Grace between a 1953 Ford, owned by Dennis Woodie and driven by Elbert E. Roy, and a 1954

Lincoln, owned and driven by Ralph B. Mason. Theodore V. Triplett, a passenger in the Ford, filed suit for personal injuries against Roy, Woodie and Mason. Mason filed suit for personal injuries against Roy and Woodie. The cases were consolidated for trial. The court directed verdicts for Woodie in each case, and the jury returned a verdict in favor of Triplett against Roy and Mason, and a verdict in favor of Roy in Mason's suit. Mason appealed in each case, contending that his motion for directed verdict and for judgment *n. o. v.* should have been granted in Triplett's suit, and that his prayer to withdraw from the jury the issue of his contributory negligence should have been granted in his suit. There was no prayer for a directed verdict by Mason in his suit against Roy and Woodie. Mason further contends that the directed verdicts in favor of Woodie, in each case, should not have been granted.

The accident occurred at about 8 P. M. It was dark but the weather was clear. Mason was driving north on the proper side of Juniata Street, a paved two-way street 22 feet wide with 6 foot gravel shoulders. Mason testified that he was driving at a speed of 25 miles per hour, within the speed limit. "Shortly after I crossed the railroad tracks, I noticed headlights on my side of the road * * * they did not look like automobile headlights—they were dim and orange in color." He put on his brakes and swerved to the left, "then the impact came". The lights were "four or five car lengths away" when he first saw them. He cut to his left when about a car length away. In cross-examination he testified the other vehicle "seemed to accelerate" as it approached. The railroad tracks referred to cross the bed of Juniata Street at grade and approximately at right angles. The next intersection to the north was Bourbon Street some distance away, where there is a stop sign making Juniata Street the favored highway. Hallman, a passenger in Mason's car, testified that Mason was driving at a speed of 25 miles per hour. When they were "approximately at the railroad tracks * * * all of a sudden two lights were on our side of the road a short distance in front of us * * * and it was just about that time that the collision occurred". The lights were "very

dim". Mason immediately put on the brakes, and turned slightly to the left when he was about a car length from the other vehicle. Neither Roy nor Triplett testified in either case.

Officer Tyson testified that he reached the scene shortly after the accident. He found the Ford with its headlights smashed and out, sitting in the northbound lane of Juniata Street, which is a through highway, with its right front smashed in and its right wheels about on the center line. It was facing southwest and completely blocked the northbound lane. Mason's Lincoln was off the road to the left, just opposite and about 5 feet to the north, with its right rear wheel on the west shoulder. The front bumper of the Ford was imbedded in the right side of the Lincoln between the doors. Debris and glass marked the point of impact, which was in the northbound lane about 35 feet south of Bourbon Street. He estimated that the railroad tracks were about 90 feet or a little more south of Bourbon Street, but did not measure this distance. He found skidmarks left by the Lincoln beginning "just north" of the railroad tracks and leading to a point in front of the Ford, where they veered to the left, still in the northbound lane. He stepped them off and estimated they were 50 or 60 feet in length. "It looked like the (Mason) car was going sideways" at the point of impact. The skidmarks terminated in front of the Ford. The Ford left no skidmarks. Roy told him he had backed out of the intersection at Bourbon Street, started south on the wrong side of the road, and "had started to go back over to the right side of the road when the accident occurred". Roy admitted that he had been drinking. The officer studied the ground and "could see where the Ford had come off the gravel—from Bourbon Street when it took off". The only other pertinent evidence, except that of Woodie who did not see the accident,. was a plat, which showed that the distance from the railroad tracks to Bourbon Street was 182 feet, and photographs. showing that on the east side of Juniata Street between the railroad tracks and Bourbon Street there was no obstruction except a sidewalk and behind that a heavy wire fence. There·

is a line of trees north of Bourbon Street between the shoulder and the sidewalk.

The appellees contend that several inferences of negligence on the part of Mason can be drawn from the testimony and the physical facts. We do not agree. The uncontradicted evidence is that Mason was on his proper side of the road, when suddenly he saw a vehicle on the wrong side of the road, with very dim lights, which had backed out of a side road and started south at an accelerated speed directly in his path. These dim lights would not have been visible to Mason until Roy started south. We think the proximate cause of the accident was the extraordinary and quite unforeseeable conduct of Roy. If, as the appellees contend, Mason might have avoided the collision at the last moment by driving off the road to the right, instead of turning to the left, and we think this is only a matter of speculation, his action in swerving to the left at the last moment could hardly be deemed negligent. Cf. *Kaline v. Davidson,* 146 Md. 220, 224. As we said in *Williams v. Dawidowicz,* 209 Md. 77, 83, "The only emergency was the one created by Williams, which put Aiudi to a choice of stopping or pulling to the right or left"; citing *Baker v. Shettle,* 194 Md. 666, 671, where we said: "* * * what might ordinarily be negligence in a case where no emergency exists, may not be negligence in the case of an emergency. In such a situation one does not have time to think what is the best thing to do; the emergency occurs so quickly that it would be unjust to apply the rule which governs in the ordinary case." In *Coastal Tank Lines, Inc. v. Canoles,* 207 Md. 37, 44, we said: "Time and a reasonable opportunity to avoid an imminent danger is an essential element here, as it is under the doctrine of last clear chance." Similar arguments as to a wrong choice in an emergency, were advanced, without success, in *Coastal Tank Lines v. Carroll,* 205 Md. 137, *Brehm v. Lorenz,* 206 Md. 500 and *Burhans v. Burhans,* 159 Md. 370. Cf. *Shriner v. Mullhausen,* 210 Md. 104, 118. *Robertson v. State, use Meyer,* 216 Md. 175, is distinguishable because there the existence of the emergency was disputed, and there was evidence from which the jury could have found that it did not exist. For

the same reason, we think Hallman's testimony that he could "not recall" whether Mason blew his horn or blinked his lights, to attract the attention of the other driver, is without significance in the light of the undisputed and sudden emergency.

The appellees argue that Mason was driving at an excessive speed, despite the uncontradicted testimony of Mason and Hallman that he was not. The argument is based on the skidmarks, and on the fact that the police officer might have been mistaken about the length of the skidmarks left by the Lincoln, which he stepped off, because he under-estimated the distance between the railroad tracks and Bourbon Street, which he did not step off. We find no merit in the argument. We cannot hold, particularly where there is no evidence on the point in the record, that skidmarks of that length, on a crowned and bumpy road as the officer said it was, would support an inference of speed in excess of the speed limit, and the officer's testimony is not to be disregarded simply because his estimate of a distance which he did not measure was inaccurate. The appellees also argue that speed on the part of Mason can be inferred from the force of the impact. But the physical facts would seem to support the contrary inference that the Ford had the greater momentum at the moment of impact, since its front was demolished against the side of Mason's car. As we have pointed out in many cases, speed alone may not be considered as a contributing cause where the proximate cause is the unforeseeably negligent driving of the other car in violation of the traffic laws. Cf. *Sun Cab Co. v. Faulkner,* 163 Md. 477, *Sun Cab Company, Inc. v. Cusick,* 209 Md. 354, 359, and *Davis v. Taylor,* 217 Md. 84. In the instant case we think the trial court should have granted Mason's motion for judgment *n. o. v.* in Triplett's case, and should have granted the prayer as to the lack of his contributory negligence in Mason's case. See *Reid v. Humphreys,* 210 Md. 178, 189.

So far as Woodie is concerned, since we hold that Mason was entitled to a directed verdict in Triplett's case, it is quite immaterial that Triplett failed to obtain a judgment against Woodie. Triplett did not appeal from the judgments in

favor of Woodie, and since Mason is exonerated, he has no possible interest in the matter, even if we assume, without deciding, that he might have had some right of contribution had the judgment against Mason been allowed to stand. In the other suit, Mason appealed only "from the judgment for the defendant, Elbert E. Roy, for costs", and not from the judgment in favor of Woodie. Cf. *Williams v. Dawidowicz, supra* (p. 82). The question whether the evidence would support a verdict against Woodie on the ground that Roy was his agent or servant is, therefore, not before us.

> *Judgment in favor of Triplett against Mason reversed, and entered in favor of Mason for costs; judgment in favor of Roy reversed and case remanded for a new trial; costs of this appeal to be paid one-half each by Triplett and Roy.*

HAMMOND, J., filed the following dissenting opinion, in which BRUNE, C. J., concurred.

The record shows no emergency that, as a matter of law, justified Mason's inability or failure to control his car under the circumstances that confronted him.

The measured distance between Bourbon Street and the railroad tracks is 182 feet. The point of impact was 35 feet south of Bourbon Street, that is, 147 feet from the tracks. The passenger riding with Mason in the Lincoln said that when that car was at the tracks, he and Mason saw the headlights of the Ford facing them on their side of the road. At that instant the two cars must have been about 180 feet apart—little less than the full effective range of car headlights. Certainly, the evidence would have permitted the jury to find that the Ford, after backing out of Bourbon Street, had just straightened out and was facing south on Juniata Street when the Lincoln was at the railroad tracks. Further, the jury could have found that the Ford went but 35 feet south

while the Lincoln was going 145 feet north, and that after the impact the Lincoln still had enough momentum to careen to the left off the road. The skidmarks of the Lincoln, according to the policeman, started just north of the railroad tracks and continued to the point of impact. Admittedly, Mason did not attempt to avoid the Ford by turning to the right or to the left except at the last split second, nor did he sound his horn or blink his lights to engage the attention of the other driver. In *Palmer Ford, Inc. v. Rom,* 216 Md. 165, 168, Judge Henderson, for the Court, said that (a) failure of a following driver to see and regard signals given from a car 100 feet ahead, (b) skidmarks 55 feet in length and (c) failure to sound the horn, permitted the drawing of an inference of negligence.

In the case at bar Mason did nothing to avoid the collision but put on his brakes. The braking was either too late or too little successfully to cope with the speed the car was travelling and did not stop it or slow it to effective maneuver-ability within a reasonable time. A motorist driving in a town in a prudent and reasonable manner can control his car well within 145 feet, and one who cannot, when conditions require, is not, in my opinion, free of negligence as a matter of law.

This Court has said and held, many times before *Palmer Ford, Inc. v. Rom, supra,* that failure or inability properly to control a car, from which negligence may be inferred, may be found from the admission that the object struck was seen when far enough away to have permitted a careful driver to have avoided it, or from the late application of the brakes, or from long skidmarks, or the fact that the car goes an extraordinary distance after the brakes are applied. We have said that these, in varying combinations, are evidences of negligence that will take a case to the jury. *Bozman v. State, Use of Cronhardt,* 177 Md. 151, 154. See *Jackson v. Forwood,* 186 Md. 379, 383; *Miller v. Graff,* 196 Md. 609; *Graff v. Davidson Transfer and Storage Co.,* 192 Md. 632. For a somewhat analogous situation, compare *Ford v. Bradford,* 213 Md. 534.

There was testimony from which all of these could be inferred in the case before us. They show that Mason had both

time and reasonable opportunity to avoid the obvious and admittedly negligent conduct of the driver of the Ford, and that there was no emergency which justified either his inability properly to maneuver his car, by reason of excessive speed, or his failure to do so for any reason.

The judgments appealed from should be affirmed.

Judge Brune has authorized me to say he concurs in this opinion.