LEHMANN, Administrator *v.* JOHNSON

[No. 35, September Term, 1958.]

*Decided December 18, 1958.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*William C. Holland,* with whom was *Grafton D. Rogers* on the brief, for the appellant.

*John Brockenbrough Fox,* with whom was *Gerald A. Price* on the brief, for the appellee.

BRUNE, C. J., delivered the opinion of the Court.

This is a suit by a passenger, Mrs. Johnson, the plaintiff, against the defendant owner and driver of the car in which the plaintiff was riding, for personal injuries sustained in an accident. The trial court denied the defendant's motion for a directed verdict, the jury returned a verdict in favor of the plaintiff for $10,900, the defendant's motion for a judgment *n.o.v.* was overruled, and judgment was entered on the verdict. The defendant, Kurth, appealed. During the pendency of the appeal, Kurth died and his administrator has been duly substituted as the party appellant.

The case turns chiefly upon whether or not Kurth was confronted with an emergency and, if so, whether he acted prudently or negligently in meeting the emergency. There have been a number of cases in this court raising such questions, and not a few of them are of comparatively recent date. The test to be applied is well established and was thus stated by Judge Horney in *Warnke v. Essex,* 217 Md. 183, 187, 141 A. 2d 728: "The relevant inquiry, then, is whether an ordinarily prudent person would have acted in the same manner as the defendant did in this case. The mere fact that a person finds himself in a predicament or emergency does not automatically relieve him of the obligation to use ordinary care. The amount of care might change, of course, but the degree or standard of *ordinary care* is always the same, *i. e.,* the care that would be used by an ordinarily prudent person under the same circumstances, the emergency itself always being considered and weighed as one of the circumstances. * * * Whether the operator of an automobile was confronted with an emergency, and whether he acted negligently under the circumstances, are generally questions for the jury."

Probably the leading case establishing the doctrine that action which might or would ordinarily constitute actionable negligence will not be so considered if taken in response to a sudden emergency created by the act of another or for which the defendant is not responsible, where there is no opportunity for reflection and deliberate choice, is *Burhans v. Burhans,* 159 Md. 370, 150 A. 795. Other cases reaching a similar result include *Baker v. Shettle,* 194 Md. 666, 72 A. 2d 30;

*Coastal Tank Lines v. Carroll,* 205 Md. 137, 106 A. 2d 98; *Brehm v. Lorenz,* 206 Md. 500, 112 A. 2d 475; *Coastal Tank Lines v. Canoles,* 207 Md. 37, 113 A. 2d 82; and *Mason v. Triplett,* 217 Md. 433, 141 A. 2d 708 (a 3-2 decision on the facts there involved). See also *Williams v. Dawidowicz,* 209 Md. 77, 120 A. 2d 399, where one defendant's car pulled out of a line of southbound traffic in the path of a northbound car of the other defendant in which the plaintiff was a passenger and the jury was held to have been properly instructed facts there involved). See also *Williams v. Dawidowicz,* 209 was not liable if he had done all that a reasonable person could have done to avoid the accident.

Results contrary to those in the cases just cited have been reached in other cases on several grounds: that an emergency was not shown to have existed, as in *Warnke v. Essex, supra,* in *Robertson v. State, Use, Meyer,* 216 Md. 175, 139 A. 2d 715, and in *Baltimore Transit Co. v. Prinz,* 215 Md. 398, 137 A. 2d 700; or that, if an emergency existed, it was of the defendant's own creation, as in *Williams v. Dawidowicz, supra,* as to the first defendant, the driver of the southbound car, who pulled out of his lane and into the northbound lane in order to pass southbound cars ahead of him; or that either there was no emergency or the defendant was guilty of negligence in meeting the situation with which he was confronted, as in *Consolidated Gas, Elec. L. & P. Co. v. O'Neill,* 175 Md. 47, 200 A. 359.

An emergency, even if shown to exist, does not necessarily render an ensuing accident unavoidable (*Baltimore Transit Co. v. Prinz, supra; Fogle v. Phillips,* 191 Md. 114, 60 A. 2d 198); nor does the defendant assert any contention to the contrary. The defense rests upon the existence of an alleged emergency and a failure on the part of the plaintiff to show that the defendant acted negligently in meeting it. The plaintiff challenges both branches of the defendant's contentions. It may also be noted at this point that the plaintiff expressly disclaims any reliance upon the doctrine of *res ipsa loquitur.*

All of the evidence in this case was adduced by the plaintiff, and much of it came from the defendant.

The accident happened in the very early hours of November

24, 1956, as Mr. Kurth was taking Mrs. Johnson home after having gone to a theatre, visited friends and gone to a diner. Mr. Kurth was driving his station wagon southeasterly on Old Annapolis Boulevard and was nearing its intersection with Brink Road. These roads meet roughly at right angles. At about this intersection the Boulevard curved to Mr. Kurth's left. Mr. Kurth testified that a car travelling in the opposite direction and on the wrong side of the road forced him to attempt to make a right hand turn into Brink Road in order to avoid a head-on collision. He claims to have seen the reflection of the lights of the other car, which appeared to him to have been on the wrong side of the road, to have slowed his car down to a speed of twenty-five miles an hour when about thirty feet from the intersection, to have stopped or virtually stopped at or in the intersection, to have blinked his lights as a warning to the other car and then to have been forced to step on the accelerator and try to make his turn to the right to avoid a collision. He failed to make the turn, his front wheels hit the curb and his car then struck a heavy mail box (knocking it a distance of fifty feet) and finally the car crashed into a fence at a point perhaps twenty feet west of the Boulevard on the property of Mr. and Mrs. Huber, located at the southwest corner of the Boulevard and Brink Road. The impact caused serious injuries to the plaintiff.

Mr. Kurth's testimony is difficult to follow as to some matters. He said at one point that he tried to turn into Brink Road when he was half way across it. He also said a few moments later that he didn't see the edge of the Boulevard (presumably the westerly edge) before he made his turn, that he didn't even know there was an intersection there.

Mr. Huber testified that there were tire tracks in the soft shoulder on the west side of the Boulevard north of Brink Road for a distance of approximately sixty or seventy feet which were directly in line with Mr. Kurth's car. There was some evidence indicating that these tracks might have been made by some other vehicle.

Both Mr. Huber and a police officer differed with Mr. Kurth as to how far his car went south of Brink Road. Mr.

Kurth thought his rear wheels stopped at the curb; the other two witnesses said that the car went all the way through the fence.

The only question in this court was whether or not there was sufficient evidence of negligence on the part of Mr. Kurth to warrant the submission of the case to the jury. The appellant contends that since the plaintiff called the defendant as a witness, she is bound by his testimony, which the appellant claims is uncontradicted; and the appellant further contends that this testimony shows that the defendant was not negligent.

The general rule in this State is that if one party calls an adverse party as a witness, he is bound by his adversary's testimony, unless it is contradicted or discredited. See *Maszczenski v. Myers,* 212 Md. 346, 352, 129 A. 2d 109, and cases therein cited, construing Code (1957), Article 35, Section 9 [1] (the cases prior to *Maszczenski* dealing with that Section as enacted by § 4 of Chapter 109 of the Acts of 1864 as it stood prior to its amendment by Chapter 380 of the Acts of 1939), and *Proctor Electric Co. v. Zink,* 217 Md. 22, 32-35, 141 A. 2d 721. However, as is pointed out in the *Proctor Electric Co.* case (217 Md. at 32, 33), the cases referred to "are not to be interpreted as meaning that a party is bound by each and every statement made by an adverse witness called by him," and the "testimony of a witness may be contradicted or discredited by circumstances as well as by statements of other witnesses, and a jury is not bound to accept a witness' testimony as true if it contains improbabilities, or if there are reasonable grounds for concluding that it is erroneous."

In *Darienzo Trucking Corp. v. Sullivan,* 202 Md. 32, 40, 95 A. 2d 293, a case not involving the extent to which a party is bound by the testimony of an adverse party or witness called by him, Judge Hammond quoted a statement from *Bozman v. State, Use of Cronhardt,* 177 Md. 151, 154-155, 9 A. 2d 60, which included this sentence: "The jury is not compelled to believe that the witnesses for either side are accurate

---

1. Formerly Code (1951), Article 35, Section 8.

in their testimony regarding the speed or the manner of operation of a motor vehicle."

In *Newman v. Stocker,* 161 Md. 552, 157 A. 761, the facts were in some respects quite similar to those of the present case. There a passenger in an automobile sued the driver for injuries sustained when the car ran off the road, increased its speed suddenly and struck a pole. There, as here, the driver claimed that he swerved to avoid an oncoming car. He said that he saw its lights turn out of a line of traffic moving in the opposite direction towards him, as if the other car were starting to pass other cars ahead of it when it was about thirty feet in front of him. He explained the sudden speeding up of his car as having been caused by his foot striking the accelerator instead of the brake in his hurry. The plaintiff's witnesses said that they did not notice the threat of the oncoming car or did not see what caused the defendant to swerve. This court (161 Md. at 555) pointed out that in that case the existence of an emergency was not admitted and that it could be established only by a finding of the jury, and then said: "And if the jury should find the emergency to have caused the swerving * * *, they might still * * * conclude that the subsequent acceleration of the speed of the car, to which the defendant testified, was a mistake which a driver exercising due care would not have made, and was the cause of the collision with the pole." In the instant case, the plaintiff said that she did not see the lights of an approaching car, but she knew little of how the accident happened.

In any view of the case there is some contradiction of Mr. Kurth's testimony, with regard to his effort to make a turn, in the testimony of Mr. Huber with regard to the tire tracks. Mr. Huber's testimony would tend to support a finding that Mr. Kurth simply went straight ahead and failed to conform with the turn to the left of Old Annapolis Boulevard and that either he was not maintaining a proper lookout as to where he was going or else he did not have proper control of his car, whether or not there was an oncoming car which Mr. Kurth was seeking to avoid.

Even if Mr. Kurth's testimony that there was in fact an oncoming car is accepted as true or as binding upon the plain-

tiff, an inference that he was deficient in one or both of the above respects may also find support in his own testimony that he didn't even know there was an intersection where Brink Road met the Boulevard until he was in it, that he did not attempt to make his turn until he was half way across it, that he then speeded up (cf. *Newman v. Stocker, supra*), and that he saw neither the mail box, the curbing, the sidewalk nor the fence which were in front of him until after he attempted to make his turn on Brink Road.

Likewise, still accepting as true or binding Mr. Kurth's testimony that there was an oncoming car, we think that the jury might properly have found from his own testimony alone that Mr. Kurth had sufficient opportunity to take adequate precautions against a collision and against a plunge into the unknown by stopping sooner than he did and then making a turn into Brink Road, if necessary, and that he was negligent in failing to make use of this opportunity.

In view of these possible findings we think that the case was properly submitted to the jury both on the question of whether or not there was an emergency not of the defendant's own creating, and on the question of whether or not he met any emergency (for which he was not responsible) as a reasonable, prudent man would have done when confronted with the circumstances of this case.

*Judgment affirmed, with costs.*