## PICCHIO, ADM'X OF THE ESTATE OF JULIA DORSEY v. SCRUGGS

[No. 556, September Term, 1966.]

*Decided October 11, 1967.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, OPPENHEIMER, McWILLIAMS, FINAN, JJ., and RUTLEDGE, J., Associate Judge of the Fourth Judicial Circuit, specially assigned.

*Irving Dross,* with whom were *Saul M. Schwartzbach* and *David M. Wortman* on the brief, for appellant.

*Kevin J. McCarthy,* with whom was *Charles E. Channing, Jr.,* for appellee.

PER CURIAM.

The trial judge, finding no primary negligence, directed a verdict for the defendant motorist in a suit by the administratrix to recover damages for the estate of the deceased, a pedestrian who was struck while walking across the street. The administratrix claims here that the questions of primary negligence and contributory negligence were both for the jury to determine. We disagree.

The plaintiff produced a police officer who arrived at the scene of the accident, the intersection of 57th Avenue and M Street in Hillside, Prince George's County, five minutes after its occurrence at 7:20 p.m. on October 22, 1965. He found the 1964 Volkswagen of the defendant at rest most of it south of, but part of it, in the intersection in the southbound lane. His measurements found 57th Avenue to be 28 feet wide and M Street 27 feet 5 inches wide. It was "rainy, misty" and dark. The illumination at the intersection was poor. He found skid marks of 28 feet laid down by a car that was proceeding south on 57th Avenue. ("The skid marks coming south on 57th Avenue * * * started on the north side of M Street and where they ended, whether they ended in the intersection or behind the intersection, I don't recall.") He took photographs of the scene and these photographs and his testimony reveal that the neighborhood and the intersection are unsophisticated and rough. There was no traffic light, no sidewalks or walkways, no marked crosswalks, and the intersection was neither square nor sym-

metrical. The lines of supposed sidewalks would have to be projected diagonally across the intersection in order to connect, rather than straight across. For example, the policeman said: "The west corner of 57th Avenue on M Street, on your right side there protrudes about a foot or two foot further than the other side." The officer testified that the defendant told him that the pedestrian "stepped out in front of his vehicle," and "she had stepped from out of nowhere into the front of his vehicle."

The plaintiff called the defendant as her witness. He testified to a dismal evening and "misty rain," that he was wearing his glasses which gave him 20-20 vision, his headlights were on low beam, his windshield wipers were working, and that he first saw the pedestrian as she was crossing from left to right in the middle of M Street just a "few feet," perhaps a Volkswagen car length, before the impact. His speed had been 20 to 25 miles an hour for a block before the intersection. As he was driving south on 57th Avenue towards M Street —which was an unfavored street, 57th Avenue being the favored street—he saw two cars driving north on 57th Avenue slow down, perhaps momentarily stop, as they passed the intersection, and then proceed; the second of these cars passed him when he was some thirty feet from the north east-west lane of the intersection. He first saw the pedestrian as he was entering the intersection and when he did, he immediately applied his brakes. The left part of the hood of the car struck the pedestrian.

The plaintiff, having called the defendant as a witness, is bound by his testimony unless it is contradicted or discredited by statements of other witnesses, by circumstances, by its own improbability or by reasonable grounds for concluding that it is erroneous. *Lehmann v. Johnson,* 218 Md. 343, 349, and cases cited.

The defendant's testimony was not contradicted or discredited (although the plaintiff attempts to do so by nice calculations of speed, car length and place of rest), and it showed, bindingly on the plaintiff, that the pedestrian was not walking in a crosswalk where she would have had the right of way (Code (1957), Art. 66½, § 2), but in the middle of the intersection where she

was bound to accommodate herself to vehicles using the street she was crossing, *Van v. McPartland,* 242 Md. 543, 548, and where the driver, if he was driving in obedience to the law and using due care, was not bound to anticipate she would be. The driver's credible and unimpeached testimony was that he was both obeying the law and using due care under the circumstances.

Even if it be assumed that the driver was guilty of primary negligence, the unfortunate lady pedestrian, having walked in the middle of the street from behind the northbound cars into the path of the defendant's southbound car, clearly was guilty of contributory negligence. *Van v. McPartland, supra,* and cases cited.

*Judgment affirmed, with costs.*