BENJAMIN COPLAN *v.* JOHN E. WARNER.
[No. 50, October Term, 1929.]

464

[redacted]

*Decided February 5th, 1930.*

The case was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, and PARKE, JJ.

*Leonard Weinberg* and *Harry J. Green,* with whom was *Howard A. Sweeten* on the brief, for the appellant.

*J. Abner Sayler,* for the appellee.

BOND, C. J., delivered the opinion of the Court.

Exceptions in this case, a suit arising out of a traffic accident, have brought up for review rulings of the trial court on prayers for instructions to the jury and on objections to remarks by counsel in argument.

Warner, a man somewhat infirm from an affection of the bones, was struck by, or collided with, Coplan's Ford truck, as Warner was crossing Poplar Grove Street, in Baltimore City, going west on the north side of Belmont Avenue, and the truck was proceeding north on Poplar Grove Street. The accident occurred on a cold night in winter. The evidence on the collision is meagre; both parties testify to ignorance of the other's presence on the street until the instant of collision. Warner says he did not know at the time what struck him, that, proceeding with his customary extreme caution, he had waited before crossing until he saw no vehicle approaching the street intersection in any one of the four directions, within a block and a half, and that he was two-thirds of his way across the bed of the street, at the regular place of crossing, when he was suddenly struck from the left. He had not looked for approaching vehicles after he had left the sidewalk, except that when half-way across he looked down Belmont Avenue for machines that might possibly come up that street and turn into Poplar Grove Street. Coplan, driving the truck himself, testified that he was coming from a grocery and meat store kept by him on Poplar Grove Street, one block below the place of accident, running at a moderate speed on the right side of the street bed near the center, with his headlights lighting the way thirty or forty feet ahead of him, at what was otherwise a dark place, and that, when he had reached a point about a few doors beyond the crossing, what seemed at the moment only a bundled object appeared suddenly on his left, coming into his left front

wheel. He said he had blown his horn upon reaching the southern side of the street intersection, that he thought the horn must have bewildered Warner and made him turn back. The truck stopped at the spot, and he had the plaintiff taken to a hospital; and then, upon examination of the place of accident, a little above the crossing, Coplan and an officer who came up found some coins dropped in the street bed. The verdict and judgment having been against Coplan, he appeals.

The first question raised, on exceptions to the instructions, is as to the legal sufficiency of evidence to support a finding of negligence on the part of Coplan. Meagre as the evidence is, we think there was sufficient for the consideration of the jury in the positive and reiterated statement of Warner that the point of collision was at the regular place of crossing, two-thirds of his way across, going west. If the jury should accept that testimony as correct, then it would follow that Coplan, driving north, was driving at the time on the left-hand side of the street, where he should not have been driving, and where the plaintiff should have been free to walk without danger from his left. This would constitute a lack of ordinary care on Coplan's part, and a prayer for direction of a verdict for the defendant for lack of evidence of any negligence by him was, therefore, properly rejected.

Direction of a verdict for the defendant was asked on the additional ground that the evidence established contributory negligence on the part of Warner himself. While there was perhaps evidence from which the jury could find that Warner was negligent in failing to look and see the oncoming lighted truck, after the horn was blown, as he was crossing the first half of the street, and in walking back against the truck, it would be impossible for the court to say that such negligence was established beyond question. As has been said, there was evidence that the point of collision was two-thirds of Warner's way across, where he might properly assume that he was safe from a car coming north if one came, and evidence that he did not turn back but was proceeding steadily on his way

west. There is in this a conflict of evidence on the question of contributory negligence which must be referred to the jury for solution, as it was. And we find no error in that action.

The trial court refused another prayer of the defendant for an instruction that, if the jury should find that the plaintiff's injury resulted from an unavoidable accident, unmixed with negligence on the part of the defendant, their verdict should be for the defendant. And the prayer included a definition of negligence. The refusal of it is attacked as erroneous. The prayer might be read as merely defining in one way negligence on the defendant's part producing the injury, or as stating in one way the rule that the defendant would not be liable unless such negligence should be proved. *Washington etc. Turnpike Co. v. Case*, 80 Md. 36, 45; *Dwyer v. Chew*, 149 Md. 281, 285. And compare *W. Va. Central etc. R. Co. v. Fuller*, 96 Md. 652, 67; *Balto. & O. R. Co. v. Worthington*, 21 Md. 275, 283; *Ferguson v. Brent*, 12 Md. 9, 33; *Stockton v. Frey*, 4 Gill, 414, 423. And the jury were fully instructed to that effect generally in the granting of a preceding, first prayer of the defendant. The refused prayer might perhaps be read as seeking to elaborate and emphasize this necessity of proof of defendant's negligence as the cause of accident by contrasting and distinguishing the accident if found to have been one to which no act or omission of either party contributed, and possibly there may be cases under the peculiar circumstances of which justice to the defendant might require that such an unavoidable accident be expressly distinguished and excluded from grounds of liability on his part, and it seems likely that the granting of the instruction would in many cases do no harm even if it was not strictly appropriate. But we do not see that it was required to present the defenses clearly before the jury in this case. It must be rarely true that, when two people moving toward a meeting point, both in control of their movements and relative positions, actually collide, the collision can be classed as an inevitable accident. And in this case there is no evidence that

the parties were not both in control of their relative situations. But if it is conceivable here that the collision may have occurred without any negligence on the part of either party, this court is of opinion, still, that the ground of recovery was clearly enough confined to negligence of the defendant.

Error is charged in the granting of an instruction for the plaintiff that, even if he was found guilty of contributory negligence, yet he would be entitled to recover if the jury should further find that the defendant could have avoided the accident by the exercise of ordinary care, after he saw, or by the use of ordinary care might have seen, that the plaintiff was in the roadway of Poplar Grove Street and in danger of being struck by the automobile or truck. But the court is divided in opinion on the propriety of the instruction in this case, and the action of the trial court in granting it is therefore affirmed by a divided court.

The court refused a prayer of the defendant for an instruction that, as there was no evidence of driving carelessly, negligently, and at a high rate of speed, as was charged in the declaration, the plaintiff was not entitled to recover, and the purpose of the prayer was, as stated by counsel, to raise a question of variance between the declaration and the proof on the charge of driving at a high rate of speed. That charge is not made as one of the essentials of recovery, apparently, for driving at a high rate of speed is not in itself a wrong. The essential allegation is that of driving carelessly and negligently. And if we should take the reference to the speed to intend an allegation of driving at a speed forbidden by law or negligent under the circumstances of the case, then, even if there should be no evidence of high speed, the court could not include in its instruction a declaration that there was no evidence of careless, negligent driving, and direct a verdict on the whole case. As we have said, we are of opinion that there was evidence from which a jury might legally find negligent driving. We find no error in the refusal of this prayer.

Two exceptions were taken to remarks in argument before the jury by the plaintiff's counsel. The first is to a remark that Coplan either "was," or "might have been," driving at an excessive rate of speed. The court declared itself unable to remember which tense was used, and, therefore, the exact fact is not certified, but it is certified that, upon objection that there was no evidence of high speed, the court explained to the jury that counsel was not quoting testimony but stating a theory of the occurrence. This we think leaves no ground of complaint by the appellant. The testimony of the plaintiff that, before starting across the street, he saw that there was no vehicle approaching within a block and a half, and yet that he met a vehicle before he reached the other side, demanded some reconciling explanation if it could be given; and a suggestion that driving at a high rate of speed might explain the collision was a natural, proper one, and may well have occurred to the minds of the jury without argument. We take it to have been no more than a reply to an argument or inference that the plaintiff's testimony could not possibly be true. A second exception during argument was to the refusal of the court to withdraw a juror and continue the case for a fresh trial because of a supposed remark of counsel that Coplan had made to the police officer at the place of accident, a statement of fact which was not given in evidence, and that a change of Coplan's testimony on the stand was shown by it. But the court does not certify that the remark was made, and it is not therefore in the case before this court. Communications and statements of counsel, showing a difference in their versions, are inserted in the record, but, while the agreement by counsel might be relied upon by the trial court in its certification, only the certification by the court constitutes the bill of exceptions to be considered in this court.

*Judgment affirmed, with costs to the appellee.*