CONSOLIDATED GAS, ELECTRIC LIGHT & POWER CO., ET AL. *v.* MILDRED O'NEILL

[No. 39, April Term, 1938.]

48

*Decided June 14th, 1938.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Robert E. Coughlan, Jr.,* for the appellants.

*Walter L. Clark* and *Roszel C. Thomsen,* with whom was *Clater W. Smith* on the brief, for the appellee.

SHEHAN, J., delivered the opinion of the Court.
This is an appeal from a judgment of the Baltimore City Court in favor of Mildred O'Neill against Consolidated Gas, Electric Light and Power Company of Baltimore, a corporation, and Henry M. Lummis.

The questions here presented for consideration arise on the refusal of the trial court to grant two prayers of the defendants for a directed verdict. The court held that, upon the whole testimony, there was legally sufficient evidence of the defendants' negligence to submit the case to the jury. The agency of Henry M. Lummis for the company is conceded by stipulation.

Henry M. Lummis, while in the employ of his codefendant, was driving an automobile south on Greenmount Avenue, in the City of Baltimore, at a moderate rate of speed. Immediately preceding him was a large automobile, and in front of it there was a taxicab. As this line of traffic approached Twenty-ninth Street, the cab driver undertook to make a left turn and then stopped to permit the car driven by Mrs. O'Neill, the appellee, to pass in front of it, which she did, and proceeded across Twenty-ninth Street, and had reached a point on the north side of that street, near the curb, when the collision between the automobile driven by Lummis, and her car, occurred. Just preceding the accident, Mrs. O'Neill was driving her husband's automobile and was proceeding northward on the east side of Greenmount Avenue at a reasonable rate of speed. As she approached the south side of Twenty-ninth Street she observed the cab coming across this street, which started to turn east. She then slackened her speed to permit the cab to proceed in front of her, but the cab stopped, and she proceeded across the street in front of it. The Lummis car came out of the line of traffic and across the avenue, striking her car about midway, and, by the force and effect of this collision, she was severely injured.

The defendants (appellants) set up, as their defense, an unavoidable situation alleged to have been created by the sudden turning and stopping of the cab, thus impeding or stopping the automobile immediately in front of Mr. Lummis, and the failure of the foot brake to operate. He states that when it became evident that he was in a position of peril, he found it necessary to instantly elect between coming in contact with the auto-

mobile immediately in front of him or turning quickly to his left and thus going out, in, or across, the avenue, and taking the risk of a collision with cars going northward and on the east side of the highway. He took the latter of these two hazards, with the result that he came into collision with the automobile driven by the plaintiff, and caused the injury complained of. His excuse for not pulling to his right and passing the car in front of him was that there were cars parked along the west side of the street, blocking that space.

There is conflict with regard to the position described by this defendant. In the first place, it was denied by witnesses that there were cars parked on the west side of the street, blocking his passage. There was also evidence that he failed to promptly apply his hand or emergency brake.

Defendants contend that the operator of the automobile, finding himself in the position of danger described, was justified in selecting, in accordance with his best judgment, the course to be pursued in the emergency, and having so elected, he could not, as a matter of law, be held responsible for the accident and its consequences, and that the two prayers of the defendants to withdraw the case from consideration of the jury and direct a verdict for the defendants should have been granted.

The rule of law with respect to situations similar to the one we find here has been stated by this court in *Potomac Edison Co. v. Johnson*, 160 Md. 33, 152 A. 633; *Newman v. Stocker*, 161 Md. 552, 157 A. 761. Code of Public General Laws, art. 56, sec. 209, as amended by the Acts of 1929, ch. 224, provides "a rule of the road," binding upon persons driving vehicles upon highways of this state, and provides that such vehicles shall at all times keep to the right of the center of the highway upon all highways of sufficient width, except upon streets or roads where traffic is permitted to move in one direction only, and except when overtaking and passing

another vehicle, and unless it is impracticable to travel on such side of the highway."

It has been held that one who violates this statute does so at the risk of being held for negligence where collision and resulting injuries are directly and proximately caused by such violation. See *Kelly v. Huber Baking Co.*, 145 Md. 321, 125 A. 782; *Lusk v. Lambert*, 163 Md. 335, 163 A. 188, and cases there cited. The presence of the defendants' automobile on the left side of the road, and the fact that it had been driven out of the line of traffic and across the highway and into the plaintiff's car, in the absence of other facts, would constitute evidence of negligence. *Potomac Edison Co. v. Johnson, supra.*

This being the situation, the burden is then on the defendant to explain his presence there, and to show whether the condition of the road, or an emergency in the traffic, had caused him to rightfully be there. This court, in the case of *Newman v. Stocker, supra*, has said, referring to such emergencies, "it seems sufficient to point out that the existence of the emergency was not admitted, and therefore could be established only by a finding of the jury. And if the jury should find the emergency to have caused the swerving from the hard surface of the road, they might still, we think, conclude that the subsequent acceleration of the speed of the car, to which the defendant testified, was a mistake, which a driver exercising due care would not have made, and was the cause of the collision with the pole."

Such an emergency is not admitted in this case, but should the jury find that it did exist, they might still conclude that failure to turn to the right of the car immediately preceding him, instead of to the left, under the facts and circumstances in the case, was a failure to exercise due care in such an emergency, and that this lack of care caused the accident, and, by the same reasoning, the testimony as to the applying of the emergency brake is a matter of evidence with respect to due care, to be determined by the jury.

We, therefore, hold that the court did not commit error in refusing to grant the two prayers of the defendants, and to rule, as a matter of law, that under all the facts and circumstances, there was no negligence on the part of the defendant. *Newman v. Stocker, supra; Beall v. Ward,* 158 Md. 646, 149 A. 543.; *Lange v. Affleck,* 160 Md. 695, 155 A. 150; *Blashfield's Encyclopedia of Automobile Law* (Perm. Ed.) sec. 2702, p. 467.

In conclusion, it may be said that the facts in this case are readily distinguishable from those in *Burhans v. Burhans,* 159 Md. 370, 371, 150 A. 795, which was cited, and urged as authority, to withdraw this case from the consideration of the jury. There was no question in that case as to the emergency, and no suggestion that by pursuing some other and more rational course the accident could have been avoided, nor that the defendant failed to use every instrumentality in her reach to avoid the accident, both of which circumstances are presented in the testimony in this case and for consideration by the jury.

Since the contentions of both parties in their briefs, and in their arguments at bar, were confined to the rulings on the defendants' two prayers, we have confined our consideration to the questions presented by those contentions.

It is our opinion that the action of the trial court must be affirmed.

> *Judgment affirmed, with costs to the appellee.*