WARNKE *v.* ESSEX

[No. 239, September Term, 1957.]

*Decided May 27, 1958.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Samuel R. Blanken,* with whom were *Morris Benson* and *Morris Neidorf* on the brief, for the appellant.

*Jerrold V. Powers,* with whom were *Sasscer, Clagett & Powers* on the brief, for the appellee.

HORNEY, J., delivered the opinion of the Court.

This is an appeal from a judgment for costs entered by the

Circuit Court for Prince George's County against Dolores G. Warnke (the plaintiff) in favor of Paul B. Essex (the defendant) following the granting of the defendant's motion for a directed verdict at the close of the evidence offered by the plaintiff on the ground that she had failed to produce sufficient evidence of the defendant's negligence to entitle her to recover. The plaintiff appealed.

This litigation is the outcome of an automobile accident on U. S. Highway No. 1. This highway has four lanes. There is no median strip between the northbound and southbound traffic lanes. For clarity, we shall refer to the southbound lanes as 1 and 2, and the northbound lanes as 3 and 4. Lanes 1 and 4, the so-called slow lanes, are nearest the curbs. Lanes 2 and 3, in the middle of the highway, are the so-called fast lanes. The plaintiff was driving north in lane 3. The defendant was driving south in lane 2. Both were proceeding within the speed limit at about 25 m.p.h. Suddenly, the plaintiff saw the defendant cross the center line of the highway a short distance in front of her. She turned to her right into lane 4, the slow lane, as far to the curb on that side of the highway as she could go, but the defendant's automobile veered entirely across lane 3, into lane 4, and collided with the automobile of the plaintiff. Eugene R. Friend, a witness for the plaintiff, testified that he was in his automobile traveling in the same direction as the defendant, following him but in a different lane. He stated that another automobile, traveling in lane 1 about a car length ahead of the defendant, suddenly swerved in front of the defendant, and then added: "The first thing I could see, Mr. Essex tried to put on his brakes to stop. * * * I don't know what happened then. His car got out of control, I suppose."

The plaintiff contends that the testimony produced by her constituted sufficient evidence of the negligence of the defendant to submit the case to the jury. On the other hand, the defendant insists that the testimony of the disinterested witness shows that he was confronted with a sudden emergency which negatives any theory of negligence.

Generally, the operator of an automobile who suddenly finds himself in a position of peril is not required to exercise

the same care as when he has ample time to reflect upon the course of action he should pursue. *Burhans v. Burhans,* 159 Md. 370, 150 A. 795 (1930). However, if the operator is not actually in a position of sudden peril, or, if the peril arises because of his own negligence, then the emergency rule is not applicable. 5 *Am. Jur., Automobiles,* § 171; 60 *C. J. S., Motor Vehicles,* § 257.

The relevant inquiry, then, is whether an ordinarily prudent person would have acted in the same manner as the defendant did in this case. The mere fact that a person finds himself in a predicament or emergency does not automatically relieve him of the obligation to use ordinary care. The amount of care might change, of course, but the degree or standard of *ordinary care* is always the same, *i. e.,* the care that would be used by an ordinarily prudent person under the same circumstances, the emergency itself always being considered and weighed as one of the circumstances. See 2 *Harper and James, Law of Torts* (1956), § 16.11, and *Prosser, Torts* (1955), § 32.

Whether the operator of an automobile was confronted with an emergency, and whether he acted negligently under the circumstances, are generally questions for the jury. 10B *Blashfield, Automobile Law and Practice* (1957), § 6648.

In the case now before us it clearly cannot be said that the existence of an emergency was undisputed. Although there was evidence that another automobile swerved suddenly in front of the defendant, there was also evidence that the defendant's automobile got out of control. At the close of the plaintiff's case, no evidence had been introduced as to the speed of the automobile which swerved in front of the defendant. There was also no evidence as to whether the defendant could have avoided a collision by promptly and effectively applying his brakes. What is more important, there was no evidence to explain why the defendant lost control so as to strike the automobile of the plaintiff in lane 4 when lane 3 was clear. Under these circumstances it is not clear that the defendant was faced with such an emergency as would justify him in taking the action he took. The evidence produced as far as this case had progressed in the trial court

was not sufficient to find that there was an emergency as a matter of law. On the contrary, under the facts and circumstances shown, the existence or non-existence of an emergency was clearly a jury question. It is also clear that the question whether the defendant acted reasonably under the stress of the emergency—if in fact an emergency did exist—was also a question for the jury to decide. See *Robertson v. State, use of Meyer,* 216 Md. 175, 139 A. 2d 715 (1958); *Baker v. Shettle,* 194 Md. 666, 72 A. 2d 30 (1950); *Fogle v. Phillips,* 191 Md. 114, 60 A. 2d 198 (1948); *Harner v. Russell,* 185 Md. 519, 45 A. 2d 273 (1946); and *Newman v. Stocker,* 161 Md. 552, 157 A. 761 (1932).

In *Burhans v. Burhans, supra,* the defendant swerved her automobile to avoid colliding with a large dog. We held that the case should *not* have gone to the jury because, as we said at p. 375:

> "[I]t is not shown that the car was turned more quickly or suddenly than was necessary * * *, and the mere fact that the injuries resulted from the quick and sudden turning of the car, and the application of the brakes, did not in itself show that the defendant was guilty of negligence, unless it be further shown that an ordinarily prudent person, in the perilous situation in which she was placed, would not have attempted to avoid the collision * * *, or would not have done what she did * * *. There is certainly nothing * * * to show that she was negligent * * *, nor is it shown * * * that she did anything * * * that an ordinarily prudent person would not have done when suddenly placed in such perilous situation."

The facts in the case of *Consolidated Gas, Elec. L. & P. Co. v. O'Neill,* 175 Md. 47, 200 A. 359 (1938), are somewhat analogous to the circumstances present in the instant case. In that case the defendants appealed from the refusal of the trial court to direct a verdict in their favor. The operator of the "swerving" automobile, one of the defendants,

was driving south on Greenmount Avenue in Baltimore. Immediately preceding him was another automobile and then a taxicab. As the line of traffic approached Twenty-ninth Street, the cab driver undertook to make a left turn but stopped abruptly in order to permit the automobile driven by the plaintiff north on Greenmount Avenue to pass in front of him. When the co-defendant tried to stop, his foot brake suddenly failed, and realizing that he was in a position of peril, he found it necessary instantly to elect between driving into the automobile immediately in front of him, or turning to his left and going across the avenue, thereby risking a collision with a northbound automobile. He chose the latter alternative and collided with the plaintiff. The jury found a verdict against the defendants who had claimed that the nature of the emergency immunized them as a matter of law from liability. In affirming the judgment, we said:

> "[S]hould the jury find that * * * [an emergency] did exist, they might still conclude that failure to turn to the right of the car immediately preceding him, instead of to the left, under the facts and circumstances in the case, was a failure to exercise due care in such an emergency, and that this lack of care caused the accident, * * *."

We distinguished the *Burhans* case, *supra*, in the *O'Neill* case by saying that:

> "There was no question in * * * [the *Burhans*] case as to the emergency and no suggestion that by pursuing some other and more rational course the accident could have been avoided, nor that the defendant failed to use every instrumentality in her reach to avoid the accident, both of which circumstances are presented in the testimony in this case and for consideration by the jury."

In the present case, it is not yet certain that there was even an emergency.

We think it is clear that the motion of the defendant for

a directed verdict should not have been granted. The judgment for costs in his favor must, therefore, be reversed.

*Judgment reversed, and case remanded for a new trial, the appellee to pay the costs.*