# GAVIN v. GAVIN

[No. 215, September Term, 1961.]

*Decided April 12, 1962.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, HORNEY and SYBERT, JJ.

*Philip T. McCusker* and *Howard E. Friedman,* with whom

were *Bracken, McCusker & Friedman* on the brief, for the appellant.

*J. Kemp Bartlett, III,* with whom were *Bartlett & Hicks* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

The appellant was a passenger in an automobile owned and operated by Robert G. Gavin, her son, riding in the front seat beside the driver. She was thrown against the windshield and injured, when he applied the brakes to avoid striking a car ahead, and brought this action charging negligence on his part. The case was tried by the court without a jury, and from a judgment entered on a verdict for the defendant, this appeal was taken.

By interrogatories answered by the defendant, and offered in evidence without objection, it was admitted that the plaintiff was not chargeable with contributory negligence, and that the accident was not caused or contributed to by the action of any third person, although the defendant made a sudden stop to avoid collision with a vehicle ahead. Mrs. Gavin testified that as they proceeded along Reisterstown Road the traffic was unusually heavy. As they passed Sam's Hardware Store in Pikesville and were approaching the traffic light at Sherwood Avenue, she was looking ahead and "all of a sudden my son jammed on the brakes and I went into the windshield, then I went all the way back across the back of my seat." The plaintiff added: "I remember distinctly saying to him, 'If that had been my face you would have blinded me.' Because I was wearing glasses." Her son "said he turned to look down across the road." They stopped "very close" to the car in front but did not strike it. In cross-examination she admitted that her son was driving slowly because of the traffic. The plaintiff did not offer the testimony of any other witness. The defendant did not take the stand, nor did he offer any other testimony.

The only question presented is whether the judgment of the trial court was clearly erroneous under Maryland Rule 886 a. Under the testimony and admissions we think that only

one conclusion can properly be drawn,. that the sole cause of the accident was the momentary inattention of the driver in looking across the road. Had he been observing the car ahead, it seems clear that it would have been unnecessary to apply his brakes so suddenly and so hard as to throw his passenger against the windshield. We think the conclusion of the trial court that this was not an act of negligence is not supportable. This is not a case where the driver was faced with an emergency caused by the unexpected action of a third person. Cf. *Koester Bakery Co. v. Poller, etc.*, 187 Md. 324, 330, and *Warnke v. Essex*, 217 Md. 183, 187. Nor is it a case where there is conflicting testimony or an issue of credibility is presented. Cf. *Todd v. Ferrell*, 212 Md. 574, 583, and *Sun Cab Co., Inc. v. Hall*, 199 Md. 461, 466. We shall accordingly reverse the judgment and remand the case for a new trial upon the issue of damages alone.

> *Judgment reversed, with costs, and case remanded for a new trial upon the issue of damages.*