GRAYPHENIA ARMSTRONG ET AL. *v.*
JOHNSON MOTOR LINES,
INC. ET AL.

[No. 465, September Term, 1970.]

*Decided July 30, 1971.*

The cause was argued before MURPHY, C. J., and MOY-LAN and POWERS, JJ.

*David Kimmelman* and *William O. Goldstein,* with whom was *Benson I. Offit* on the brief, for appellants.

*Thomas G. Andrew,* with whom were *Rollins, Smalkin, Weston & Andrew* on the brief, for appellees.

POWERS, J., delivered the opinion of the Court.

Wilbert Calvin Armstrong Sr. met a tragic death

shortly before dawn on January 16, 1968 on Route 40, near Joppa Farm Road, in Harford County. A collision had occurred between two passenger vehicles on the highway, leaving one at rest in the grass median strip and the other partially blocking the inside, or southerly, westbound lane. About 10 minutes later, a truck of appellee Johnson Motor Lines, Inc., operated by its employee, appellee Robert Eugene Gregg, approached the scene travelling west in the inside lane. Gregg testified that a bus, without warning, swerved from the right lane into the left lane in front of the truck, then quickly applied its brakes. He said that he applied his brakes but had insufficient room to stop, and that there was traffic on his right, so he jerked the steering wheel to the left to avoid hitting the bus, and drove into the grass median strip. There, he hit the front part of the disabled car, and after stopping, learned that he had hit the decedent, causing injuries from which death followed.

Gregg testified that it was very dark, there was no moon, and that there were no lights on the disabled car. His version was partially corroborated by the driver of one of the disabled cars. There was no other version.

Grayphenia Armstrong, the widow, and the four children of the decedent, with a count by Mrs. Armstrong as administratrix, filed suit in the Superior Court of Baltimore City against the owner and the driver of the truck, and against the drivers of the two passenger cars.

At the close of the evidence offered by the plaintiffs, Judge J. Harold Grady, presiding, granted motions of the two passenger car drivers for directed verdicts. At the close of all the evidence a motion of the defendants who are appellees here for a directed verdict was reserved, Judge Grady instructed the jury, arguments were made by counsel, and the jury returned a verdict for the defendants. From the judgment on this verdict the plaintiffs appealed.

The facts of this fatal accident have been given in very brief form. Greater detail is unnecessary for consider-

ation of the narrow question of law raised by the appeal.

Appellants contend that Judge Grady's sudden emergency instruction should have included an explanation that sudden emergency is an affirmative defense, and that the defendants had the burden to prove it. Intertwined with this contention is the plaintiffs' belief that the doctrine of *res ipsa loquitur* not only raised in their favor an inference of negligence by the truck driver, but proved such negligence, making his invoking of the sudden emergency rule in effect a defense of confession and avoidance.

Judge Grady explained to the jury in considerable detail the principles that should guide them in considering the evidence that the truck driver found himself confronted with a sudden emergency. He summarized as follows:

> "The defendant's action must be judged by the circumstances which then existed and not by hindsight or by looking backwards after the events had already transpired. If after the accident some other course of action might appear more judicious, the defendant is not held to that course of conduct if what he did under the circumstances was reasonable.
>
> In determining whether the action taken by the defendant was reasonable, you should consider all of the matters which you have heard described in the evidence, such as the size and weight of the tractor-trailer he was driving, the speed at which his vehicle and other vehicles on the roadway were travelling, the lighting conditions at or near the location, the traffic conditions upon the highway and all other relevant factors.
>
> Therefore, if you find in the final analysis that the defendant Gregg was confronted with an emergency situation, not of his own making

but took action which you find that a reasonably prudent person would not have taken under those conditions, then the defendant Gregg was negligent.

On the other hand, if you find that the defendant Gregg was confronted with an emergency not of his own making and did what you would expect a reasonably prudent person to have done under those conditions, then the defendant Gregg was not negligent. Also, if your minds are in a state of even balance on this question, you must decide that the defendant Gregg was not negligent."

Appellants' counsel excepted as follows:

"The plantiffs further except to that part of the Court's instruction in which he discusses the emergency situation demonstrated and I believe Your Honor had indicated that it is not the burden of the defendant to prove by a preponderance of the evidence that he was faced with an emergency situation. In view of the fact that this is an affirmative defense as to the happening of this accident that that would shift the burden of proof upon the defendant to prove by a preponderance of the evidence that he was in fact faced with an emergency situation."

We must first understand clearly just when a plaintiff may rely upon the doctrine of *res ipsa loquitur*, and next, we must see how much help he gets from the doctrine in a case in which he may and does rely upon it. The inception and the development of the doctrine were carefully examined and discussed by Judge Finan for the Court of Appeals in *Blankenship v. Wagner*, 261 Md. 37, 273 A. 2d 412, and its applicability in modern tort law was clearly defined. Judge Finan said for the Court, at page 42:

"In order to invoke the doctrine of *res ipsa loquitur* in Maryland certain circumstances must

be shown by the evidence. First, it must appear that the accident was of such a nature that it would not ordinarily occur without the defendant's negligence. *Williams v. McCrory Stores Corp.*, 203 Md. 598, 601, 102 A. 2d 253 (1954); Cf. *Short v. Wells*, 249 Md. 491, 496, 240 A. 2d 224 (1968). Second, the plaintiff must demonstrate that the apparatus or instrument which caused the injury was in the defendant's exclusive control. *Smith v. Kelly*, 246 Md. 640, 644, 229 A. 2d 79 (1967). The third element is that it must appear from the evidence that no action on the part of the plaintiff or a third party or other intervening force might just as well have caused the injury."

*Blankenship* goes on to point out that earlier cases held that for the doctrine of *res ipsa loquitur* to be applicable, it must not appear from the plaintiff's own evidence that something other than the defendant's negligence caused the accident, but notes the logical extension of this concept, and states the present rule as follows, at page 46:

"If the plaintiff has circumstantial evidence which tends to show the defendant's negligence (and which is therefore *consistent* with the inference relied upon in *res ipsa loquitur*) he should not as a matter of policy be discouraged from coming forth with it. If, however, the evidence introduced by the plaintiff or the defendant shows that everything relative to the case is known, and that the injury might have been caused by something other than defendant's negligence (thereby negating the inference normally relied upon in *res ipsa loquitur*), then the plaintiff will not be allowed to avail himself of the doctrine. In such a case, if plaintiff's proof fails to make out a *prima facie* case of negligence then it is proper to direct a verdict for the defendant. *Lee v. Housing Authority*, 203 Md. 453, 465, 101 A. 2d 832 (1954)."

These principles are no different when applied in cases of motor vehicle accidents. The Court of Appeals dealt with such a question in *Brehm v. Lorenz*, 206 Md. 500, 112 A. 2d 475, and said, at pages 507 and 508:

> "Plaintiffs urged, however, that even if they did not introduce any evidence of any specific act of negligence, a presumption of negligence arose under the doctrine of *res ipsa loquitur*. There are, it is true, cases of motor vehicle collisions that warrant application of this doctrine. For example, if a motor vehicle plunges off a highway and strikes a pedestrian on the sidewalk or crashes into a building, the injured person may show the happening of the accident and then rest, relying upon the inference of negligence to be deduced from the facts and circumstances of the case without any direct proof of any specific act of negligence. *Hickory Transfer Co. v. Nezbed*, 202 Md. 253, 262, 96 A. 2d 241; *Shirks Motor Express v. Oxenham*, 204 Md. 626, 106 A. 2d 46.

> "We have stated that the justice of the doctrine of *res ipsa loquitur* is found in the circumstances that the principal evidence of the true cause of the accident was accessible to the defendant but inaccessible to the victim of the accident. *Potts v. Armour & Co.*, 183 Md. 483, 488, 39 A. 2d 552; *Coastal Tank Lines v. Carroll*, 205 Md. 137, 144, 145, 106 A. 2d 98. Under this doctrine, when the plaintiff has established a *prima facie* case, the burden of proof does not shift to the defendant, but there is cast upon him the duty to go forward with the evidence, and it is for the jury to decide whether the defendant met that obligation. *Potomac Edison Co. v. Johnson*, 160 Md. 33, 36, 152 A. 633; *Baltimore American Underwriters of Baltimore American Ins. Co. v. Beckley*, 173 Md. 202,

208, 195 A. 550; *Hickory Transfer Co. v. Nez-bed,* 202 Md. 253, 362, 96 A. 2d 241."

The case of *Coastal Tank Lines v. Carroll,* 205 Md. 137, 106 A. 2d 98, set out the principle, at page 146, recognized and approved in *Blankenship,*

"* * * that whether plaintiff or defendant shows that the injury complained of might have been caused either by the defendant's negligence or by the act of another, for which the defendant was not responsible, the doctrine will not apply."

At that stage of a case when it cannot be said that everything relative to it is known, an inference of negligence, deducible from the facts and circumstances, may be permitted under the doctrine of *res ipsa loquitur,* and may aid the plaintiff in making a sufficient *prima facie* showing to survive a motion for directed verdict. If the unknowns are not later supplied, that same inference may be considered by the jury in determining whether the defendant was negligent. If, on the other hand, later evidence supplies facts in place of the unknowns, the jury no longer needs the aid of an inference to weigh the credibility of those facts, and to determine whether the facts which it accepts do or do not amount to negligence.

Here, at the close of all the evidence, everything relative to the case was known. Appellants were not, at that stage, entitled to avail themselves of the doctrine of *res ipsa loquitur.* It was then for the jury to decide whether the appellees had met the duty cast upon them to go forward with the evidence. See *Hanes v. State, Use of Lamm,* 236 Md. 28, 202 A. 2d 364, for a case in which the jury did not accept as credible the exculpatory evidence offered by the defendant, thus leaving an unknown to be supplied by the permissible inference.

The circumstance that a party was confronted with a sudden emergency, not of his own making, is to be "considered and weighed as one of the circumstances" (*War-*

*nke v. Essex,* 217 Md. 183, 141 A. 2d 728) in the light of which his actions are to be judged. A plaintiff is never relieved of the burden of proving negligence of a defendant when that negligence is in issue, even though the burden of going forward may shift after the plaintiff has proved a *prima facie* case, with the help of any permissible inferences.

Appellants argue that the existence of a sudden emergency is an affirmative defense, as to which he who asserts it has the burden of proof. We do not agree. The Court of Appeals has never been called upon to consider this precise contention, but the answer has been implicit in many of the decided cases. In *McKeever v. Batcheler* (Iowa, 1934) 257 N. W. 567 the Supreme Court of Iowa said:

> "Emergency was not pleaded as an affirmative defense. The existence of an emergency is not an affirmative defense, but is one of the circumstances to be considered by the jury in determining whether or not the defendant was guilty of negligence. The burden always remains upon the plaintiff to establish the defendant's negligence, and this burden does not shift to the defendant."

In *Blackwell v. Regal Cab Company,* 316 F. 2d 398 (1963) the U. S. Court of Appeals for the District of Columbia Circuit said:

> "Strictly speaking, sudden emergency is not a separate defense; it is simply a reason advanced by a defendant to show he was not guilty of the negligence with which he had been charged and which he had put in issue by a denial."

An affirmative defense is one which directly or implicitly concedes the basic position of the opposing party, but which asserts that notwithstanding that concession the opponent is not entitled to prevail because he is precluded for some other reason. We reject the contention

that the claimed existence of a sudden emergency is an affirmative defense, with the burden of proving it on the party who claims it.

Assertion by a party that he acted as he did in the face of a sudden emergency, to the existence of which he did not himself contribute, concedes nothing, but explains why an inference, otherwise permissible, may not be valid. Proof by a party that he acted as he did because he was confronted with an emergency, to which he did not contribute, and which he could not have foreseen by the exercise of reasonable care, becomes one of the circumstances surrounding the entire occurrence, and focuses the inquiry on the question of whether he exercised due care *under those circumstances*. He is to be judged, not by hindsight, but in the light of the alternatives available to him in that emergency, and the time available to him to recognize and evaluate those alternatives, and to make the choice of a reasonable, prudent person. Whether he was negligent in the action he took in the face of the emergency, or whether he used reasonable care *under the circumstances* is ordinarily a jury question. *Lehmann v. Johnson*, 218 Md. 343, 146 A. 2d 886.

That he was negligent under those circumstances remains the burden of the opposing party to prove, by the preponderance of the evidence, and Judge Grady correctly instructed the jury that "if your minds are in a state of even balance on this question, you must decide that the defendant Gregg was not negligent."

> *Judgment affirmed.*
> *Appellants to pay costs.*