657 A.2d 412

**Gary RUSTIN, et al.**

v.

**Violet SMITH.**

**No. 1287, Sept. Term, 1994.**

Court of Special Appeals of Maryland.

April 28, 1995.

Steven J. Potter (Morton Edelstein, on the brief), Baltimore, for appellants.

Alvin Sellman, Baltimore, for appellee.

Argued before BLOOM, WENNER and HOLLANDER, JJ.

HOLLANDER, Judge.

A jury in the Circuit Court for Baltimore City found appellants Gary Rustin and Yellow Van Services, Inc.,[1] negligent in connection with the operation of a motor vehicle and awarded Violet Smith, appellee, over $57,000 in damages. Rustin and Yellow Van Services, Inc. have appealed, contesting the circuit court's refusal to instruct the jury as to "acts in emergencies." We hold that the trial court correctly concluded that the evidence did not support the instruction. Our holding is premised on Rustin's failure to present any evidence that he took any *action* in response to the emergency. Accordingly, for the reasons we explain below, we shall affirm.

On December 4, 1992, at about 11:15 p.m., Smith was driving her car east on West Cold Spring Lane, in Baltimore City; Rustin was driving a van westbound. West Cold Spring Lane is, at that point, a five-lane undivided road (three lanes westbound, two lanes eastbound). The road slopes downward from west to east, has a posted speed limit of 35 miles per hour, and is illuminated by street lights. At the time of the collision, rain was pouring down heavily, and water was sluicing over the roadway toward Rustin. At a curve in the road, Rustin lost control of his van, spun into the eastbound lane, and struck Smith. The collision was witnessed by a motorist who was travelling east behind Smith.

Smith filed suit for her personal injuries. In Rustin's interrogatory answers, he indicated that he lost control because he was hydroplaning. At no point during discovery did Rustin mention that the condition of the pavement contributed to the occurrence.

At trial, the eyewitness to the collision related that Rustin was driving in excess of the posted speed limit up the incline, and that Rustin did not slow in anticipation of the curve. Rustin claimed, however, that while he did not look at his

---

1. Upon the agreement of counsel at the close of appellee's case, the court granted judgment in favor of Yellow Transportation, Inc., another defendant named by Smith in her complaint. Smith has not cross-appealed this judgment.

speedometer, he knew he was driving between 25 and 30 miles per hour simply because, at some unspecified point, he "saw the sign with the speed limit on it." Rustin further averred that he lost control when he hit a pothole, but was not sure whether the loss of control was caused by the pothole or by the slickness of the road. He allowed that he could have been hydroplaning, and that the hydroplaning could have been the cause of his loss of control. The police officer who arrived at the accident scene did not indicate in his report that the road had potholes.

Rustin did not indicate what efforts he took to minimize the obvious risks presented by the weather-related hazards. Apart from his statement that he "tried to regain control," he also did not specify what action, if any, he took to avoid a collision once he lost control of the van, or even what steps he could have taken. To the contrary, Rustin testified that the car "practically took over on its own."

At the close of the case, appellants requested a jury instruction as to "acts in emergencies," consistent with MPJI 18:3 (1993). MPJI 18:3 provides as follows:

> When the driver of a motor vehicle is faced with a sudden and real emergency, which was not created by the driver's own conduct, the driver must exercise reasonable care for his own safety and for the safety of others. The reasonableness of the driver's actions must be measured by the standard of the acts of other drivers of ordinary skill and judgment faced with the same situation. The driver is not to be held to the same coolness or accuracy of judgment which is required of a person who has an ample opportunity fully to exercise personal judgment.

The court refused to give such an instruction on the grounds that the evidence did not support it.

As a general proposition, when reviewing a trial judge's refusal to give a requested instruction, we must determine whether the instruction was a correct exposition of the law, whether that law was applicable in light of the evidence before the jury, and whether the substance of the requested

instruction was fairly covered by other instructions actually given. *E.G. Rock, Inc. v. Danly*, 98 Md.App. 411, 420–21, 633 A.2d 485 (1993). An instruction not supported by the evidence in the case amounts to an improper abstraction, and should not be given. *Moats v. Ashburn*, 60. Md.App. 487, 493, 483 A.2d 791 (1984).

There is no dispute that the "acts in emergencies" instruction, as requested, was a correct exposition of the law and was not entirely covered by any other instruction. We note, however, that the court instructed the jury that the nature and condition of the highway must be considered in determining what is a reasonable speed, and that skidding alone is not evidence of negligence. The only issue, then, is whether the evidence supported the emergency instruction. We conclude that it did not.

As indicated by MPJI 18:3, a driver faced with an emergency, not created by his own conduct, is not held to the same standard of care as a person having the opportunity to engage in cool deliberation prior to acting. In the appropriate case, the issue for the jury is whether a party, under the circumstances of the emergency, *acted* as a reasonably prudent person, in view of the emergency. *Ristaino v. Flannery*, 76 Md.App. 662, 674, 547 A.2d 1115 (1988), *vac. on other grounds*, 317 Md. 452, 564 A.2d 790 (1989) (citing *Baker v. Shettle*, 194 Md. 666, 72 A.2d 30 (1950)); *Miller v. Reilly*, 21 Md.App. 465, 472, 319 A.2d 553, *cert. denied*, 272 Md. 746 (1974) (citing *Armstrong v. Johnson Motor Lines*, 12 Md.App. 492, 280 A.2d 24 (1971)). For the "acts in emergencies" instruction to be applicable, however, the emergency cannot arise from the defendant's own conduct, and there must be some conduct or action on the part of the defendant in response to the emergency.

With respect to whether the emergency was of Rustin's own making, we acknowledge the conflicting testimony. Rustin testified that he was driving 25 to 30 miles per hour up an incline covered with water, toward a curve, at night. He claims he may have hit a pothole, and he said on cross-

examination that he was not sure whether he lost control because of hitting the pothole or from hydroplaning.

What is salient is that Rustin never testified to any conduct or action that he took in light of the emergency that he says confronted him because of the loss of control. Rather, he argues that the loss of control, by itself, was sufficient to warrant the instruction. We are, therefore, not concerned with whether an emergency existed at all, or whether Rustin's negligence caused the emergency.

Rustin relies, in particular, on *Ristaino,* 76 Md.App. 662, 547 A.2d 1115, to support his contention that the instruction should have been given. In *Ristaino,* this Court affirmed the trial court's use of the "acts in emergencies" instruction; it was based on the defendant's testimony "that her car inexplicably skidded on the wet road onto appellants' side of the highway, although her speed was in accordance with the posted limit and that she was otherwise operating her vehicle in a safe manner." *Id.* at 674, 547 A.2d 1115. But in *Ristaino,* in contrast to this case, we were not faced with the precise question of whether an "acts in emergencies" instruction is appropriate where there is no evidence of any act or conduct in response to, or because of, the emergency. Rather, the focus in *Ristaino* was whether the evidence supported the conclusion that the emergency was not created by the defendant's own conduct. We concluded that, because of the contradictory testimony, the issue was one properly for the jury. Therefore, *Ristaino* is not persuasive here.

With respect to Rustin's conduct in response to his losing control of his vehicle, there is no evidence that he had any options, made any decisions, or took any specific action whatsoever to avoid the collision. Although he broadly claims that he tried to regain control, he did not specify what steps he took, or even what options were available. He did not even say he could not respond—that he failed to act—because of the emergency. Rather, the evidence indicates that, once Rustin lost control, the vehicle was wholly uncontrollable.

■ At some point in every collision, there is always an emergency. That does not mean that an emergency instruction is always appropriate. An "acts in emergency" instruction is appropriate only where "[t]he jury could have determined ... whether in the light of the *alternatives available to him,* and the time available to him to *recognize and evaluate* those alternatives, [Rustin] *made a choice that a reasonable, prudent person would make." Moats,* 60 Md.App. at 494, 483 A.2d 791 (emphasis added). Even if there were an "emergency," Rustin took no "act" and made no "choice" for the jury to judge in the context of the emergency. Accordingly, we conclude that the circuit court correctly refused to instruct the jury as to "acts in emergencies."

Our analysis is supported by the facts in many other cases where the "acts in emergencies" instruction was held to be appropriate. For example, in *Warnke v. Essex,* 217 Md. 183, 186–87, 141 A.2d 728 (1958), the evidence was sufficient for the jury to infer that the defendant swerved into the oncoming lane of traffic to avoid a car that had suddenly cut in front of him. Similarly, in *Consol. Gas, Elec., Light & Power Co. v. O'Neill,* 175 Md. 47, 51, 200 A. 359 (1938), the defendant crossed into oncoming traffic to avoid a car that suddenly stopped in front of him. In *Effler v. Webber,* 18 Md.App. 162, 305 A.2d 485 (1973), on the issue of contributory negligence, the plaintiff was entitled to the instruction, given that he entered the intersection against the traffic signal because an emergency vehicle was sounding its siren immediately behind him. *See also Lehmann v. Johnson,* 218 Md. 343, 346–47, 146 A.2d 886 (1958); Page Keeton et al., *Prosser & Keeton On Torts* § 33 (5th ed. 1984) ("the basis of the special rule is merely that the actor is left no time for adequate thought, or is reasonably so disturbed or excited that *the actor cannot weigh alternative courses of action, and must make a speedy decision....*" (emphasis added)); *Restatement (2d) Torts* § 296, Comment b, at 65 (1965) ("The mere fact that his *choice* is unfortunate does not make it improper...." (emphasis added)). *Cf. Burhans v. Burhans,* 159 Md. 370, 375–76, 150 A. 795 (1930) (verdict should have been directed to defendant-

driver against plaintiffs-passengers when the driver swerved to avoid a large dog that ran into the street, because there was no evidence that a reasonably prudent person would have acted differently). In all of these cases, the party requesting the instruction had *done something* in light of an emergency.

We observe that the court properly instructed the jury as to the concept of negligence, including the standard of care and proximate cause. Based on fully explained legal principles, the jury could have concluded, if it chose to credit appellant's testimony, that defendant was not negligent because the collision was not Rustin's fault. In other words, the jury could have determined that the accident resulted from a loss of control arising from the pothole or hydroplaning, but not because of Rustin's breach of the standard of care. We observe, also, that the court never precluded counsel from *arguing* to the jury that an emergency occurred and thus Rustin was not negligent.

**JUDGMENT AFFIRMED. COSTS TO BE PAID BY APPELLANTS.**