UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOANNE B. O'NEILL,
Plaintiff-Appellant,

v.

RENE BRINGAS DIMARNANO,

No. 97-2460

Defendant-Appellee,

and

CAJAYON DIMARNANO,
Defendant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-96-1028-AW)

Submitted: July 31, 1998

Decided: September 10, 1998

Before ERVIN and WILKINS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joel DuBoff, Steven R. Hook, DUBOFF & ASSOCIATES, Silver
Spring, Maryland, for Appellant. Timothy S. Smith, Lanham, Mary-
land, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

On January 24, 1994, a car driven by Rene Bringas Dimarnano collided with one driven by Joanne B. O'Neill. In this diversity action, 28 U.S.C.A. § 1332 (West 1993 & Supp. 1998), O'Neill sued Dimarnano for negligence. The jury found in favor of Dimarnano, and the magistrate judge denied O'Neill's motion for judgment as a matter of law. O'Neill appeals.

Dimarnano testified that, while proceeding slowly, he saw O'Neill's car approaching. He attempted to slow down so that she could proceed first through a curve of almost ninety degrees. Instead, he skidded on ice, lost control of the car, crossed the center line, and ran into O'Neill's car. Dimarnano estimated that he was traveling at five to eight miles per hour at the time, although he was watching the road rather than his speedometer. O'Neill had seen Dimarnano begin to skid and stopped her car, but to no avail. O'Neill was taken to the hospital in an ambulance and released the same day. She testified that she had back problems continuing up to the time of trial as a result of the accident, although she had back problems before the accident, as well. The investigating police officer, O'Neill and Dimarnano all stated that there was ice on the roads that morning, although O'Neill stated that she had driven the same road earlier that day without incident.

At trial, the magistrate judge granted Dimarnano's request for an instruction under Maryland's "acts in emergencies" doctrine over O'Neill's objection. O'Neill argues on appeal that this ruling was error.

The content of jury instructions in a diversity case is a matter of state law. Hardin v. Ski Venture, Inc., 50 F.3d 1291, 1293 (4th Cir. 1995). We review the district court's decisions regarding instructions

2

for abuse of discretion. Trimed, Inc. v. Sherwood Medical Co., 977 F.2d 885, 890 (4th Cir. 1992). Under Maryland law, an instruction not supported by the evidence is "an improper abstraction, and should not be given." Rustin v. Smith, 657 A.2d 412, 414 (Md. App. 1995).

Under the "acts in emergencies" doctrine, a driver who suddenly finds himself in an emergency situation not created by his own conduct is not required to exercise the same care that he would under normal circumstances, when he has time to reflect on a course of action. See Warnke v. Essex, 141 A.2d 728, 729 (Md. 1958). His conduct is to be compared to that of an ordinarily prudent person under the same circumstances, with the emergency itself as one of the circumstances. Ryan v. Thurston, 347 A.2d 834, 836-37 (Md. 1975). If there is evidence legally sufficient to show an emergency existed, then whether the driver was confronted with an emergency and whether he acted negligently under the circumstances are questions for the jury. Id. at 837; Warnke, 141 A.2d at 730.

O'Neill argues that, as the evidence did not support an "acts in emergencies" instruction, the magistrate judge abused his discretion in granting it. She relies heavily on the Court of Special Appeals' decision in Rustin, 657 A.2d at 415. Rustin lost control of his car in a heavy rain, spun into the lane of oncoming traffic, and struck another vehicle. Rustin stated in an interrogatory that the car was hydroplaning at the time of the accident, but claimed at trial that he lost control when the car hit a pothole. He did not testify of any actions he took to minimize the risks from bad weather or to avoid a collision once he lost control. Id. The appellate court upheld the trial court's decision not to give an "acts in emergencies" instruction, holding that there must be some conduct or action on the part of defendant in response to the emergency. Rustin made no choices and took no actions, reasonable or otherwise, in response to the emergency. Therefore, the trial court did not abuse its discretion in refusing the instruction. Id.

O'Neill argues that the emergency in this case, if any, was Dimarnano's car skidding on ice, and that, as in Rustin, Dimarnano took no action subsequent to the emergency. Dimarnano asserts that the emergency was an oncoming car on an icy curve, and that the action he

3

took was stepping on the brake in an attempt to allow O'Neill's car to proceed.

During the trial, in response to O'Neill's objection to the "acts in emergencies" instruction, the magistrate judge cited Moats v. Ashburn, 483 A.2d 791 (Md. App. 1984), which involved a car sliding on snow or ice. The court in Moats held that giving an unavoidable accident instruction was error, but a "sudden emergency" instruction would have been proper. Id. at 795. We conclude that the magistrate judge did not abuse his discretion in submitting the instruction to the jury, allowing it to decide if an emergency existed, and if, in light of an emergency, Dimarnano acted as a reasonably prudent driver.

O'Neill next asserts that she was entitled to judgment as a matter of law, Fed. R. Civ. P. 50. O'Neill bases her argument on the assumption that the "acts in emergencies" instruction was incorrect. If Dimarnano's conduct was not excused as a reasonable response to a sudden emergency, O'Neill argues, the uncontradicted evidence shows that Dimarnano caused the accident by crossing the center line and striking O'Neill's vehicle. According to O'Neill, this conduct violated Maryland traffic laws and provided adequate evidence of negligence. But under Maryland law:

> The mere fact that a vehicle skids or slides on a highway does not of itself constitute evidence of negligence. But skidding may be evidence of negligence if it appears that it was caused by a failure to take reasonable precautions to avoid it, when the conditions at the time make such a result probable in the absence of such precaution.

Trusty v. Wooden, 247 A.2d 382, 384-85 (Md. 1968) (citations omitted). We review the district court's refusal to grant a motion for judgment as a matter of law only to resolve whether, viewing the evidence in the light most favorable to the party opposing the motion, the jury could reasonably find in favor of that party. Atlas Foods Sys. & Servs., Inc. v. Crane Nat'l Vendors, Inc., 99 F.3d 587, 597 (4th Cir. 1996). Under the evidence presented, a verdict for Dimarnano was reasonable in view of the icy conditions of the road and considering the "acts in emergencies" doctrine.

4

We affirm the judgment of the magistrate judge. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED